### GREEN *v.* COOS BAY WAGON ROAD CO.

*(Circuit Court, D. Oregon.* March 2, 1885.)

1. STATUTE OF LIMITATIONS.
    An agreement or promise made without a consideration to postpone or extend the time of payment of a debt or demand is void, and does not, therefore, prevent the running of the statute against the right of the creditor to maintain an action thereon.

2. SAME—ACKNOWLEDGMENT.
    From an acknowledgment of the existence of a debt under circumstances that indicate a willingness or liability to pay the same, the law will imply a promise to pay, upon which an action may be maintained during the statutory period of limitation thereafter.

3. NEW PROMISE—HOW PLEADED.
    In pleading a new promise, or an acknowledgment or agreement from which such promise will be implied, it need not be alleged that the same was made in writing, but that fact will be presumed until the contrary is shown.

Action to Recover Money.

*Thomas N. Strong,* for plaintiff.

*James F. Watson* and *Edward B. Watson,* for defendant.

DEADY, J. This action is brought by A. T. Green, of California, against the defendant, a corporation duly formed under the laws of

Oregon, to recover the sum of $3,000, with interest from June 1, 1875, amounting to $2,825. The action was commenced on November 10, 1884; and it is alleged in the complaint that on April 17, 1875, the defendant was the owner of 96,325 acres of land in Douglas and Coos counties, in this state, for 35,533 acres of which it had a patent from the United States, and was entitled to a patent for the remainder; that the defendant then agreed with the plaintiff that if he would find a purchaser for said lands, it would pay him a commission of $5,000; that the plaintiff accepted said proposition, and afterwards, on May 31, 1875, the plaintiff found a person who purchased said lands of the defendant at one dollar per acre, and paid for the patented portion thereof at once, and agreed to pay for the remainder as soon as the patent was issued therefor; that on July 26, 1875, the defendant paid the plaintiff on account the sum of $2,000, and requested him "to wait for the payment" of the remaining $3,000 until it received the balance of the purchase price, to which he agreed; that the plaintiff at the same time agreed to, and afterwards did, assist the defendant to get the remainder of said purchase price, which was paid to it on January 7, 1884; and that on January 12th, the plaintiff duly demanded of the defendant payment of said $3,000, with legal interest thereon from June 1, 1875, which it refused. The defendant demurs, for that "it appears on the face of the complaint that said action was not commenced within the time prescribed by law," and "is barred by the statute of limitations."

The Code of Civil Procedure, § 66, provides that the defense of the statute of limitations may be made by demurrer when it appears on the face of the complaint that the action has not been commenced within the period prescribed by law. The contention of the defendant is that it appears from the complaint that whatever was to be paid to the plaintiff for his services in procuring a purchaser of the property was due and payable on May 31, 1875, when the service was performed, or, at the furthest, on July 26th, when the purchaser paid the first installment of the purchase money, and the plaintiff received the two-fifths of the commission claimed by him, and that at the expiration of the six years thereafter, to-wit, July 26, 1881, the claim for the balance of $3,000 was barred by the lapse of time. The plaintiff's answer to this proposition is that by the agreement of July 26th, the payment of his claim was postponed until the defendant should receive the remainder of the purchase money, which did not occur until January 7, 1884, at which time the statute commenced to run against the claim, and not before; citing *Webber* v. *Williams College*, 23 Pick. 302; Ang. Lim. p. 111, § 120; *Lichty* v. *Hugus*, 55 Pa. St. 434; *Irving* v. *Veitch*, 3 Mees. & W. 90. According to the complaint this $3,000 was due the plaintiff at the date of this agreement, and had been since June 1st, from which time he seeks to recover interest on that sum. Without doubt, if the arrangement made between the parties on July 26, 1875, constituted a valid agreement, the day of payment

was postponed until January 7, 1884, and the statute did not commence to run until that time.

But it does not appear that there was any consideration for the plaintiff's promise to delay action in the premises. The defendant neither gave nor forebore anything in consideration of or on account of the plaintiff's promise; while, on the other hand, the plaintiff undertook the further service of helping to obtain the remainder of the purchase money without, as appears, any compensation therefor. The promise was then a mere *nudum pactum*, which did not in law prevent the plaintiff from maintaining an action in the mean time to recover whatever was due him from the defendant. And from the time the plaintiff's right to sue commenced, the statute commenced to run against it, and cut it off by June 1, 1881. As was substantially said in *Chace* v. *Chapin*, 130 Mass. 128, of a similar agreement between the maker and payee of a note to postpone the day of payment thereof, there is no advantage to the defendant nor disadvantage to the plaintiff growing out of the agreement which can constitute a consideration for the plaintiff's promise to postpone the payment of the sum then due him, and therefore it is not binding on him. Notwithstanding the promise, he could, at any time within six years from June 1, 1875, have maintained an action against the defendant to recover the unpaid commission. See, also, *Shapley* v. *Abbott*, 42 N. Y. 447.

The cases cited by counsel for the plaintiff do not support his contention in this respect. In *Irving* v. *Veitch, supra*, the agreement to postpone the payment of the defendant's notes was made on a valuable consideration. Besides, there were payments made on them within six years before the action was commenced, which circumstance of itself was sufficient evidence of an acknowledgment whereon to raise an implied promise to pay the notes. In *Lichty* v. *Hugus, supra*, it was decided that the statute will not run against the claim of an attorney for compensation for services until the undertaking in which he is engaged is performed, or the relation of attorney and client is terminated. To the same effect is the citation from Angel, *supra*. But the relation of attorney and client never existed between these parties. And however analogous the relation between them may have been to that of attorney and client, it came to an end on June 1, 1875, and the only relation that existed between them thereafter was that of debtor and creditor. The plaintiff was not employed for a continuous and indefinite service, but to do a specific thing,—a job; to find a purchaser for the defendant's land at an agreed compensation. This he did on May 31, 1875, and was then entitled to his commission. Afterwards, the plaintiff, on receiving two-fifths of what was due him, agreed to wait for the payment of the remainder until the happening of a certain event.

The case of *Webber* v. *Williams College, supra*, is not in point. The plaintiff held the note of the defendant, which would become due

within the year. The defendant wrote to the plaintiff asking a year's delay, and saying that the right of the latter to sue should not be prejudiced by the delay. The creditor answered, denying the request, but did in fact delay bringing an action on the note for a year, and until the statute had run. The defendant pleaded the statute, and the court held with the plaintiff. The matter is very summarily and somewhat obscurely disposed of, the court saying that the defendant's offer was "a good waiver of the statute of limitations." The expression "waiver of the statute" is misleading, and not applicable to the case. A party may be said to *waive* the statute by not pleading it when he might, but not otherwise; and the better opinion seems to be that the bar of the statute cannot be waived or renounced in advance, as that would put it in the power of individuals to dispense with the law, contrary to the public policy and peace it is intended to promote and preserve. Ang. Lim. § 247, note. But, whatever may be said of the grounds of the decision, there is no doubt of its correctness. It was a clear case of an acknowledgment of the existence of the debt by the debtor, under circumstances that indicated a willingness to pay the same, from which the law implied a promise to pay that might be enforced by an action within the statutory period thereafter. And so the case is characterized in *Shapley* v. *Abbott, supra,* 447, and in Ang. Lim. § 247, note. And so the agreement in this case, so far as the defendant is concerned, may be the equivalent of an acknowledgment of the debt. But it does not appear from the complaint to have been reduced to writing and signed by the defendant.

The Code of Civil Procedure, § 24, provides that "no acknowledgment or promise is sufficient evidence of a new or continuing contract," to take a case out of the operation of the statute of limitations, "unless the same is contained in some writing, signed by the party to be charged thereby." But I presume the rule in pleading a contract within the statute of frauds applies in this case. It is sufficient to allege the matter according to its tenor or legal effect, without stating that it was in writing, and if the adverse party wishes to take advantage of the statute he must aver that it was not in writing as a matter of defense or reply, as the case may be. *Lamb* v. *Starr,* Deady, 353.

Assuming, then, that the agreement of July 26th was in writing, it was in effect a valid acknowledgment of an existing debt that the defendant was willing to pay. And from this the law would imply a promise by the defendant to pay, grounded on the consideration of the antecedent liability, from which point of time the statute of limitations commenced to run against the claim anew. *Bell* v. *Morrison,* 1 Pet. 351; Ang. Lim. c. 22. The acknowledgment, however, does not take the case out of the operation of the statute prospectively, but only as to the past. It commences to run again simultaneous with the new promise, and in six years thereafter bars the remedy thereon.

Now, the acknowledgment in this case being made on July 26, 1875, the statute had run against the action of the new promise on the same day in 1881. It is admitted that this action is barred by lapse of time unless the transaction of July 26th has the effect to save it. But, as we have seen, it is void as an agreement to postpone the day of payment for want of a consideration; and, though good as an acknowledgment from which the law would imply a new promise to pay, an action thereon has since been barred by lapse of time.

The demurrer must be sustained; and it is so ordered.