## PHOENIX ACCIDENT & SICK BENEFIT ASSOCIATION v. LATHROP, ADMINISTRATRIX.

[No. 5,966. Filed May 15, 1907. Rehearing denied October 16, 1907. Transfer denied January 29, 1908.]

1. PLEADING.—*Complaint.—Insurance.—Performance of Conditions "Precedent."*—A complaint by an administratrix upon an accident policy, alleging that the plaintiff and insured have fully performed all the conditions precedent to her right of recovery to be performed, sufficiently shows that the required three months from the time of receiving the injury complained of had elapsed before the commencement of the action, the word "precedent" evidently referring to the accrual of the right of action. p. 145.

2. SAME.—*Complaint.—Insurance.—Death by Accident.*—A complaint alleging that decedent was run over and killed by a locomotive engine, sufficiently shows that his death was caused solely by external, violent and accidental means, as insured against in an accident policy. p. 145.

3. INSURANCE.—*Limitation as to Time of Commencement of Action.—Validity.*—Under §4803 Burns 1908, §3770 R. S. 1881, a limitation of the right to commence an action on an insurance policy, for less than three years from the accrual of such right, is void, §4763 Burns 1908, Acts 1897, p. 318, §25, providing that foreign companies "in transacting business in this State shall be subject only to the provisions of this act," not having the effect of repealing the general laws respecting such corporations. p. 145.

4. SAME.—*Accident.—Walking on Roadbed of Railroad.*—An insured who was killed while walking on the public highway over a railroad crossing, was not killed in consequence of walking on the roadbed of a railroad, within the inhibition of an accident insurance policy. p. 146.

5. APPEAL.—*Bill of Exceptions.—Transcript.*—Where the transcript does not show affirmatively when permission was granted within which to file bills of exceptions, it will not be presumed to have been made as of the last day of the term in order thus to bring the bill, as filed, into the record. p. 147.

6. SAME.—*New Trial.—Bills of Exceptions.*—Where the bill of exceptions is not in the record, questions depending thereon cannot be considered on appeal. p. 147.

From Union Circuit Court; *George L. Gray,* Judge.

Action by Laura Lathrop, as administratrix of the estate of Alexander Lathrop, deceased, against the Phoenix Accident & Sick Benefit Association. From a judgment for plaintiff, defendant. appeals. *Affirmed.*

*James W. Brissey* and *John E. Ethell,* for appellant.

*George W. Pigman* and *Stanford & Barnhart,* for appellee.

Roby, P. J.—Action by appellee to recover from appellant upon a policy of accident insurance issued by it to appellee's decedent. The amended complaint is in one paragraph. A demurrer to it for want of facts was overruled. Appellant answered in six paragraphs. A demurrer to the second paragraph thereof was sustained. The issue was formed by replies, which included a general denial, and was submitted to a jury which rendered a verdict against appellant for $450, with answers to interrogatories. Appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict was overruled, as was also its motion for a new trial, and judgment was rendered upon the verdict. Errors assigned present for review the action of the court in each of said rulings. The complaint is founded upon a written policy, by the terms of which appellee's decedent, ''Alexander Lathrop, of Liberty, Indiana, a drayman by occupation,'' was accepted as a member in class C C of the Phoenix Accident & Sick Benefit Association, the policy providing that

> ''said member shall be entitled to the following benefits for loss of time during the period this policy is maintained in continuous force and effect, viz.: 'First, $40 per month, or at that rate for any part of a month should the member receive personal, bodily injuries, caused solely by external, violent, and accidental means, of which there shall be external and visible marks upon the body, by reason of which and independent of all other causes he shall be immediately, wholly and continuously disabled, so as to prevent him during such disability from attending to any and

all kinds of work or business, provided that the total length of time to be paid for in any one disabling injury shall not exceed twelve consecutive months. * * *

Fourth.  If death shall result within three months from date of accident, and solely from accidental injuries, as specified in clause first hereof, received after this policy has been in full force and effect without delinquency for two consecutive months immediately preceding the happening of such accident, the association will pay $400 to the estate if surviving, otherwise to the executors, administrators or assigns of the insured.''

Conditions limiting such liability may be summarized as follows:  (A) provides for written notice of sickness or accident within ten days;  (B) reduces benefits where an injury is received in a more hazardous occupation than the one given.  (C)  ''The insurance under this contract does not cover disappearances nor suicides, sane or insane;  nor any accidental injury, sickness or death, nor disability resulting wholly or partly, directly or indirectly, from intoxication or from the. use of narcotics, from or while violating law or rules of corporations, war risks, inhalation of gas, vapor or anaesthetic, strains from lifting, hernia, orchitis, unnecessary exposure to danger, surgical operations not necessitated solely by injury, surgical operations necessitated by injury but performed later than ninety days after the accident, nor from tuberculosis, rheumatism, paralysis, lumbago or lame back, sciatica, insanity or venereal diseases.  *  *  *  (E) This policy is issued and accepted subject to the foregoing provisions and the conditions on the back hereof, which are referred to and made a part of this contract.''  Nine conditions are printed on the back of the policy.  The application and by-laws are made part of the policy by reference.  Section three of the by-laws is as follows:

''The insurance under the policy shall not be held to extend or to cover disappearances, nor suicide, sane or insane, nor injuries of which there is no visible mark on the body; nor injuries fatal or disabling, resulting

from or caused directly or indirectly, in whole or in part, by fits, sleep-walking, medical or surgical treatment, amputations, necessitated solely by injury and made within ninety days of the occurrence of the accident, excepted, voluntary or involuntary inhaling of gas, taking of poison, dueling or fighting, wrestling, war or riot, sunstroke or freezing, or unnecessary exposure to danger, or obvious risk of injury, injuries fatal or disabling, happening to the injured while insane, or under the influence of intoxicating drinks or narcotics, or in consequence of walking or being upon a bridge, trestle or roadbed of any railroad, or riding on or in any freight-car or locomotive, or attempting to board or leave any moving vehicle, using steam or electricity as a motive power (railroad employes required to do so in the discharge of their duty excepted), intentional injuries inflicted by the insured or any other person (assault by robbers or highwaymen excepted), injuries fatal or disabling received while avoiding or resisting arrest while or in consequence of violating laws, or in consequence of violating any rules of any corporation, rheumatism, Bright's disease, neuralgia, chronic bronchitis, or any chronic diseases, consumption and diseases of the heart, piles, hernia, orchitis, lumbago, venereal disease or any disease resulting directly or indirectly from the same, and in case the member be a woman these benefits shall not be held to extend to any injuries or diseases affecting the reproductive organs, it being understood that only such benefits for disability, injuries or disease come within intent and meaning of this policy as might occur to a male member of the association.''

It is alleged in the complaint that on September 27, 1902, said Alexander Lathrop, was accidently wounded and injured by being run against and over by a steam locomotive engine on the railroad track in the town of Liberty, Indiana, and that the death resulted instantly from such injuries and wounds; that plaintiff is unable to state a more definite description of said accident, injury and death; that at the time of the accidental injuries, wounds and death of said Alexander Lathrop, as hereinbefore set out, he was the owner and holder of policy No. 36,167, and that the same was and still is in full force and effect; that proof of the death of

said Alexander Lathrop was made to the company according to the requirements and stipulations of said policy, and that the plaintiff and insured have wholly and fully performed all the conditions precedent to plaintiff's right to sue on said contract on their part to be performed; that there is now due the plaintiff as such administratrix, from the defendant upon the policy sued on, in principal and interest, the sum of $500, all of which remains wholly unpaid.

The objection to this pleading is that it does not show performance by plaintiff and her decedent. The complaint was filed on the second day of the March term, 1903, of the Union Circuit Court. The written notice of the accident was required to be given within ten days. It is thus made to appear that five months had passed before suit was brought. Appellant concedes that the averment is sufficient to show the performance of all conditions precedent to liability, but argues that it is not sufficient to show that three months had expired before the action was brought. The word "precedent" was evidently used in the pleading with reference to the accruing of the action, and the averments of the complaint are sufficient. §376 Burns 1908, §370 R. S. 1881.

It is further insisted that the complaint is bad in not charging that the injury was caused solely by external, violent and accidental means, or that there were visible marks on the body by reason of such injury. In our opinion, an averment that the man was killed by being run over by a locomotive engine sufficiently shows the facts mentioned.

The second paragraph of answer set up that the cause of action did not accrue within six months preceding the action. There was a clause in the policy thus limiting the right to sue. Such limitation is void. §4803 Burns 1908, §3770 R. S. 1881; *Insurance Co. of North America* v. *Brim* (1887), 111 Ind. 281. Sec-

tion twenty-five of the act of March 9, 1897 (Acts 1897, p. 318, §4763 Burns 1908), contains the following: "And provided, also, that such corporation, association or society, in transacting business in this State, shall be subject only to the provisions of this act." By section twenty-seven, "all laws or parts of laws in conflict herewith are hereby repealed." The legislature did not intend by the provision of this act to relieve foreign accident associations from compliance with the general law of the State. So far as the matters which are specified in the act are concerned, such associations or societies are solely governed by it, but they are still subject to the general law of the State, as declared by both the legislature and the courts.

It is claimed that judgment on the interrogatories should have been rendered notwithstanding the general verdict, for the reason that they show that decedent met his death by being or walking on a roadbed of a railroad. The sixth paragraph of answer sets up a condition in the by-laws of said association to the effect that the insurance under said policy shall not be held to extend to injuries received in consequence of walking or being upon a bridge, trestle or roadbed of any railroad. Such condition does not seem to be contained in the policy, except as the by-laws are made a part thereof, but no question is made as to the effect of the apparent enumeration in the policy of the conditions contained in the by-laws, and neither fraud nor deception in that behalf is averred. So far as the motion for judgment upon the answers to interrogatories is concerned, and, treating such condition as a valid part of the policy, it is sufficient to say that such answers do not show decedent to have been killed in consequence of walking or being upon a roadbed of a railroad. It appears from such answers that he was walking upon the highway over a railroad crossing when he was struck.

The transcript filed in this court is in a most confused and slovenly condition. It appears that the cause was tried on

the thirteenth day of the April term, 1905, of said
5. court. The bill of exceptions containing the evidence
was filed on August 29, 1905. Appellee insists that
the final disposition of the cause was made at the April term.
The caption of appellant's motion for judgment notwith-
standing the general verdict is as follows:

"State of Indiana, ss: In the Union Circuit Court,
Union County, June Term, 1905."

Following the ruling upon the motion for a new trial, sixty
days' time was given the defendant to file all bills of excep-
tions. If such time was given on the last day of the June
term, it would cover the date when the bill was filed. Ap-
pellant insists that we must presume leave to have been thus
given.

"It is the duty of a party who asks an appellant tribunal
to reverse the judgment of a trial court to bring to the higher
court 'a perfect record.'" Elliott, App. Proc., §186. The
record before us does not show whether the final disposition
of the cause was made at the June term.

It follows that the questions argued in support of
6. the assignment that the court erred in overruling the
motion for a new trial cannot be considered.

Judgment affirmed.