NOBIA K. MOSIMAN, *Appellee*, v. THE OCCIDENTAL MUTUAL BENEFIT ASSOCIATION, *Appellant*.

No. 16,567.

SYLLABUS BY THE COURT.

1. FRATERNAL INSURANCE—*Payment of Assessment Diverted to Another Purpose.* Where the officer of a local lodge to whom the assessments of a fraternal insurance order are payable pays an assessment for one of the members, a later incumbent of the office has no power to divert money paid by the member upon a subsequent assessment to reimbursing his predecessor for the amount so advanced.

2. ——— *Waiver of Health Certificate Required before Reinstatement—Acceptance of Delinquent Dues.* Where the by-laws of a fraternal insurance order provide that the failure to pay an assessment when due of itself causes an immediate forfeiture of membership, and that reinstatement can be effected only by the payment of all arrearages within a fixed time, accompanied by a certificate of good health, the acceptance by the association of dues from a delinquent member, without exacting any showing as to his physical condition, effects a waiver of the requirement in that regard.

3. ——— *Adoption of Act of Local Officer—Waiver of Health Certificate.* Where the officer of a local lodge of such an order, to whom assessments are payable accepts a delinquent payment without requiring a certificate of good health, whether or not a waiver is effected in the first instance, his act is adopted by and becomes binding upon the association where the general secretary receives the money and notifies the beneficiary, after the death of the insured, that the payment was unavailing,

Mosiman v. Benefit Association.

giving no reason except the mistaken one that the amount was insufficient.

4. ——— *Notice of Physical Condition of Delinquent—Acceptance of Dues—Reinstatement.* The fact that the delinquent member is not in good health, the association having no knowledge of his condition, does not prevent the acceptance of his money from effecting a reinstatement, in the absence of any false representations or fraudulent concealment.

Appeal from Saline district court; ROLLIN R. REES, judge. Opinion filed June 11, 1910. Affirmed.

*F. D. Blundon,* and *David Ritchie,* for the appellant.
*J. O. Wilson,* and *Frank T. Knittle,* for the appellee.

The opinion of the court was delivered by

MASON, J.: The Occidental Mutual Benefit Association appeals from a judgment rendered against it upon a benefit certificate issued to A. E. Mosiman, payable to his wife. Special findings were made showing these facts: The by-laws of the association provided that the failure to pay an assessment when due, at once and of itself effected a forfeiture of membership, and that a suspended member could be reinstated, if in good health, by paying all arrearages within sixty days and delivering to the secretary of the local chapter, to be forwarded to the general secretary, his own written statement that he was at the time in sound bodily health. Assessments were due on the first of each month. Mosiman failed to pay that of July 1, 1907, known as No. 89, but the local secretary, to whom it should have been paid, advanced it for him to the grand chapter. He paid nothing further until August 28, when he sent the amount of two assessments to a new local secretary, who had just been elected. This secretary gave half of the money to the previous incumbent by way of reimbursement for the assessment advanced, and forwarded the other half to the grand chapter, sending Mosiman receipts reciting the payment of as-

sessments numbered 89 and 90. Mosiman was ailing at the time, but was not deemed to be in a dangerous condition, although he was in fact suffering from what proved to be his last illness. He died September 6, 1907. His widow notified the grand chapter of his death and of her claim under his certificate. On September 23 the grand secretary wrote her as follows:

"We regret that we are compelled to notify you that the membership of Companion Mosiman was suspended on monthly payment No. 90 and has not been reinstated. Our records show that since suspension he has paid No. 90 and was remitted on the report for No. 91. This did not reinstate his membership, as it was necessary in order to have his membership in good standing at the time of his death to have monthly payment No. 91 paid up, so that he stood suspended on our records since August 1."

None of the money paid by Mosiman was returned, but in the answer filed in the action the defendant offered to pay into court the amount of the last payment, for such disposition as might be ordered.

In advancing for Mosiman the assessment due July 1 the then secretary merely lent him the money and became his creditor for the amount. The new secretary had no authority to divert any part of the subsequent remittance to the satisfaction of this personal indebtedness. Therefore the last payment by Mosiman covered all the assessments that had not been previously paid and that matured prior to his death. It was made to the officer who was designated by the association to receive it, who was the agent of the association for that purpose, and whose diversion of a part of it from the use intended by the payer could not prejudice his rights. (*Pyramids v. Drake,* 66 Kan. 538; *Fraternal Aid Association v. Powers,* 67 Kan. 420; *Benefit Association v. Wood,* 78 Kan. 812.) The question to be determined is whether under the circumstances stated the association shall be held to have waived the requirement that he should present a certificate of good health before rein-

statement after the forfeiture of membership resulting from the defaulted assessment of August 1. "The receipt and retention of money paid to the benefit society by one of its members on an overdue assessment is ordinarily sufficient to waive a forfeiture arising from the failure to pay the assessment when due." (*United Workmen v. Smith,* 76 Kan. 509, syllabus.) The unconditional acceptance of a payment by one having authority to waive the other requirements necessarily results in reinstatement. (29 Cyc. 194; *Reed v. Bankers Union,* 121 Mo. App. 419.) Whether the act of a local officer who accepts a past-due assessment without exacting a compliance with the by-laws in other respects is binding upon the association is a question upon which the decisions are in conflict. (4 L. R. A., n. s., 421, note; 2 Bacon, Ben. Soc. & Life Ins., 3d ed., § 434*a*.) On the one hand it is argued that although the local officer is the agent of the association his authority is limited by the by-laws, of which every member must take notice, and which he is powerless to waive. On the other it is urged that as the member can not deal directly with the general officers a payment made to and retained by a local officer should be deemed, so far as the rights of the member are concerned, to have been accepted by the association. The question suggested need not now be determined. When the local secretary received the two assessments, unaccompanied by a certificate of good health, the effect may not have been to reinstate Mosiman at once. But when the general secretary in his letter of September 23 acknowledged the payment of one of the two delinquent assessments, and objected to the reinstatement solely upon the untenable ground that there still remained a delinquency of one assessment, he adopted the act of the local secretary in receiving the money, and thereby waived any right the association may have had up to that time to complain of the want of a health certificate. (29 Cyc. 198.)

43—82 KAN.

It has been held under similar circumstances that the acceptance of payment from a member under suspension, without knowledge of his illness, can not effect a waiver. Thus in *Knights of Pythias v. Quinn*, 78 Miss. 525, it was said:

"The insured had . . . forfeited his membership in the order, and . . . when he sent forward his dues for reinstatement he was seriously sick, in fact on his deathbed, and the laws of the order only authorized his reinstatement upon satisfactory evidence of his good health. In the letter accompanying the remittance of his dues there is not a syllable relating to his health. In this state of the case there could be no reinstatement . . . to membership in the order, by the mere payment of his past dues, without knowledge of his physical condition, and the claim of his beneficiaries to his reinstatement is groundless. A waiver is defined to be the intentional relinquishment of a known right, and it implies an election of the party to forego some advantage which he might have, at his option, insisted upon. There must be both knowledge of the existence of the right and an intention to relinquish it." (Pages 530, 531.)

And in *United Order of the Golden Cross v. Hooser* (Ala. 1909), 49 South. 354:

"Assuming . . . that the disconnection of the insurant (caused by nonpayment of dues) might be waived by a subsequent acceptance of the unpaid dues, yet if . . . the insured was physically unfit for membership in the order (a fact . . . unknown to defendant, but known to the insurant, at the time the dues in arrears were received), and if . . . with knowledge of the insurant's physical condition the dues would not have been received, we fail to see how it could be righteously or legally adjudged that the waiver of the forfeiture was effected by receiving the dues under such circumstances." (Page 357.)

We do not find this reasoning convincing. True, when the association accepted the delinquent assessments it had no knowledge that Mosiman was sick when he paid them, but it did know that the certificate of health which it had a right to require had not been fur-

nished, and in waiving the prescribed showing in that regard it waived all inquiry into the member's physical condition. Of course, if it had been misled by any false representation or fraudulent concealment a different situation would be presented. (*Spitz v. Mutual Ben. Life Ass'n*, 25 N. Y. Supp. 469, 472; *Rice v. New England Mutual Aid Society*, 146 Mass. 248.)

The judgment is affirmed.