### No. 18,924.

EVAN B. MAYES, *Appellee,* v. THE NATIONAL COUNCIL OF THE KNIGHTS & LADIES OF SECURITY, *Appellant.*

#### SYLLABUS BY THE COURT.

BENEFIT INSURANCE—*Forfeiture—Nonpayment of Dues Within Prescribed Time—Waiver.* Where a beneficiary association places its rejection of the claim of a beneficiary upon the distinct ground of forfeiture for failure to pay the dues of a certain month within the time prescribed by the by-laws, it thereby waives any defense it may have arising out of the failure to pay at the proper times the dues of two preceding months, such payments having been received and credited out of time, by the proper officer of the local council.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed July 7, 1914. Affirmed.

*Leonard S. Ferry, Thomas F. Doran, John S. Dean,* all of Topeka, *O. T. Boaz,* and *L. W. Johnson,* both of Pittsburg, for the appellant.

*F. B. Wheeler,* and *C. S. Denison,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

BENSON, J.: In an action to recover upon a beneficiary certificate issued by a fraternal order the defense was based upon an alleged forfeiture of the cer-

tificate for failure to pay monthly dues as provided in the by-laws of the National Council.

It was admitted that payments of the dues of $1.25 per month, as required by the certificate, had been regularly made by or on behalf of Elizabeth Mayes, the certificate holder, except those payable in June, July and August, 1909, respectively, and that these were paid at one time, alleged by the plaintiff to have been August 31, and by the defendant September 4. The by-laws provide that the dues payable on the first day may be paid on or before the last day of each month. If not so paid the member is suspended without notice, but may be reinstated, if in good health, by making the payments within sixty days from the date of suspension. After that period he may be reinstated upon a medical examination and certificate of good health approved by the medical director and the payment of arrearages. The dues for June, July and August were paid for Mrs. Mayes by her daughter on August 31. The dues for September were also paid at the same time, but a separate receipt was taken for that payment. The June, July and August payments were credited on the books of the financier of the subordinate council who received them as though paid on the last day of each month. These entries were made in accordance with a custom of the local council to so record payments when accepted after the regular time, and there was evidence tending to prove that it was also the custom to receive such overdue payments without a medical certificate and examination required by the by-laws, if the member was in good health.

At the time of making the payments Mrs. Mayes' daughter told the financier that her mother was sick, which was the fact. She was taken to a hospital soon afterwards, where she died on September 8.

The money so paid was in a day or two afterwards delivered to the district deputy, an officer of the defendant, and was held by him until shortly after the

Mayes v. Knights & Ladies of Security.

death of Mrs. Mayes, when he tendered it to her daughter who had made the payment, but who refused to accept it. The evidence relating to the date of the payments, and the conversation at the time concerning the sickness of Mrs. Mayes, is conflicting, but the conflict is resolved by the general finding in favor of the plaintiff.

· A by-law of the defendant provides that the National Council shall not be bound by the acceptance of arrears from suspended members not entitled to reinstatement, and that the failure of any financier to report the suspension of a member shall not waive the forfeiture. Also, that the financier shall not knowingly receive assessments or dues from a suspended member who is not in good health. They also declare that a subordinate council and its officers are the agents of its members in the collection and transmission of assessments, for whose negligence the National Council shall not be liable.

A statement of the plaintiff's claim was forwarded by her attorneys with proofs of death to the secretary of the National Council with a request for payment, and an offer to supply additional information if desired. Three days afterward the president of the defendant association answered the letter, saying:

"Your letter of the 27th inst., to the national secretary, has been referred to me, as the national secretary is absent from the city attending a session of the National Fraternal Congress. I will, therefore, proceed to inform you briefly as to the facts in the Elizabeth Mayes case, as I dealt with the problem immediately following her death, which you report occurred on the 8th of September, 1909. . . . The assessment and dues of Mrs. Mayes, which were due on the first day of August, and which she had until midnight of the last day of August to pay, were not paid to the financier of Free Silver Council No. 198 until September 4. Consequently, the deceased was suspended for nonpayment of the August assessment and dues from midnight of August 31 until September 4, 1909. . . . We are in possession of evidence that can not be ques-

tioned showing that the deceased was seriously ill on September 4, 1909. In fact, that statement furnished by you of Dr. H. L. Stelle shows that he first visited the deceased on September 1, 1909, and last on September 8, 1909. Consequently, no reinstatement could possibly have been had on the date that payment was made by the sister of the deceased, which was September 4, 1909, owing to the physical condition of the deceased when the attempt was made to reinstate her. Therefore, that payment was tendered back to her by our representative, Mr. George McCullough, at my direction. . . . Again, let me say that the Society denies at all times any liability whatever under certificate No. 182,795, issued to Elizabeth Mayes on January 29, 1909, for reasons above set forth. . . . I have endeavored to briefly set forth the facts in this case, which is not our usual method of procedure, for the reason that I felt confident you had been misinformed as to the situation."

The plaintiff insists that a waiver of forfeiture is shown by the acceptance without a medical examination and credit of the June and July dues by its financier, whose duty it was to receive and receipt for dues, and also that a waiver is shown by the letter of the president of the National Council, basing the claim of forfeiture upon the default in the August payment alone. It is argued that the requirement of good health was also waived by receiving the payment after the information had been given that Mrs. Mayes was ill at the time.

It was said in *Mosiman v. Benefit Association,* 82 Kan. 670, 109 Pac. 413:

"Whether the act of a local officer who accepts a past-due assessment without exacting a compliance with the by-laws in other respects is binding upon the association is a question upon which the decisions are in conflict." (p. 673.)

The question left undecided in that case need not be decided here.

The effect of receiving the June and July payments and placing the credits under dates indicating that they were made in time, and the retention of the payments

by an officer—the district deputy of the National Council—until after the member's death, need not be considered, for with the knowledge of the facts, as we must presume, and as implied in his letter, the president of the association placed its refusal to pay the certificate distinctly upon the alleged failure to make the August payment, without making any objection or claim because the other payments were made without producing a health certificate, thereby apparently adopting the act of the financier in receiving the June and July payments. It was said in the Mosiman case:

"But when the general secretary in his letter of September 23 acknowledged the payment of one of the two delinquent assessments, and objected to the reinstatement solely upon the untenable ground that there still remained a delinquency of one assessment, he adopted the act of the local secretary in receiving the money, and thereby waived any right the association may have had up to that time to complain of the want of a health certificate." (p. 673.)

Acts of a subordinate officer, although unauthorized in the first instance, if ratified with knowledge of the facts by the superior officers having authority, may be relied on as a waiver. (*Clair v. Royal Arcanum,* 172 Mo. App. 709, 155 S. W. 892.)

As the financier of a local council is the only person to whom members can pay dues—no other method being provided—the rule that officers of such a council are agents of its members is invalid as far as concerns the financier in receiving dues. (*Pyramids v. Drake,* 66 Kan. 538, 72 Pac. 239.) But whether the acceptance of the June and July payments should be considered as adopted or ratified, or not, the rule prevailing in cases where an insurance company bases its refusal to pay upon the failure to comply with a particular condition sustains the judgment of the district court. This principle was stated in *Insurance Co. v. Ferguson,* 78 Kan. 791, 98 Pac. 231, where it was said:

"Having then, with full knowledge of all the facts which it is now alleged show a violation of the other conditions, deliberately placed its rejection of the claim

on the sole ground of vacancy, the company waived the other grounds of forfeiture afterward pleaded." (p. 795.)

When the demand for the allowance of the claim was made upon the association it could insist upon, or waive, any forfeiture or forfeitures claimed. It elected to rely only upon the forfeiture claimed by reason of the delay in the August payment, thereby waiving any others it might have claimed. (*Home Fire Ins. Co. v. Kuhlman,* 58 Neb. 488, 78 N. W. 936, 76 Am. St. Rep. 111.) The consideration of this subject of waiver in the Ferguson case makes further discussion of it here unnecessary. The general rules of law applicable to insurance companies in this respect has been held applicable to beneficiary associations. (*Modern Woodmen of America v. Colman,* 68 Neb. 660, 94 N. W. 814; *Titus v. Glens Falls Insurance Company,* 81 N. Y. 410.)

It should be stated that the president's letter, in addition to the claim of forfeiture for failure to pay the August dues at the prescribed time, asserted that the action was barred by the by-law which provided that an action in such a case shall not be commenced after one year from the date of death. This by-law is also pleaded in the answer, but no reference is made to it in the briefs. We suppose this omission is because of the code provision declaring void all agreements for a different time for commencing an action from the times prescribed by the statute. (Civ. Code, § 17, subdiv. 7.)

The judgment is affirmed.