## STATE OF INDIANA *v.* FIDELITY HEALTH AND ACCIDENT COMPANY.

[No. 10,951. Filed May 16, 1922. Rehearing denied October 22, 1922. Transfer denied March 13, 1923.]

1. INSURANCE.— *Health and Accident.— Foreign Companies.— License.—Statutes Applicable.—*The right of foreign health and accident insurance companies to engage in business in the state is governed by Acts 1897 p. 318 (§4739 *et seq.* Burns 1914), and they are chargeable only with the fees provided in §25 of the act, and such companies are not subject to the privilege tax imposed by §10216 Burns 1914, Acts 1891 p. 199, providing that every foreign insurance company shall pay three per cent. of its net receipts as a license fee. pp. 378, 381.

2. STATUTES.—*Construction.—Interpretation of Statute by Department of State Government.—*The fact that a certain construction has been placed upon a statute by a department of the state government for a long period of time will not prevail against its plain meaning, although such construction is entitled to great respect, and if the statute is doubtful or ambiguous, such practical construction ought to be accepted as in accordance with the true meaning of the law, unless there are very cogent and persuasive reasons for departing from it. p. 381.

From Marion Superior Court (A5,405) ; *Vincent G. Clifford,* Judge.

Action by the Fidelity Health and Accident Company against the State of Indiana. From a judgment for plaintiff, the state appeals. *Affirmed.*

*Ele Stansbury* and *U. S. Lesh,* Attorneys-General, and *Dale F. Stansbury,* for the state.

*W. H. Latta,* for appellee.

REMY, J.—Appellee is a corporation organized under the laws of the State of Michigan as a mutual health and accident insurance society, having no capital stock, and depending upon assessments for the collection of a sufficient amount of money to pay its liabilities. On May 13, 1918, appellee was admitted and licensed to do business in the State of Indiana under existing laws.

On August 11, 1918, appellee was compelled, under threat of cancellation of its license, to pay, and did pay under protest to the auditor of state, for the privilege of doing business in Indiana, the sum of $455.77, the same being three per cent. of the gross amount of appellee's receipts for the period ending June 30, 1918, less losses paid during that period; and this action was instituted in the court of claims, consisting of the five judges of the Marion Superior Court, for the recovery of the $455.77. A demurrer to the complaint for want of sufficient facts was overruled, and the state having refused to plead further, judgment was rendered in favor of appellee for the amount of its demand.

The action of the court in sustaining the demurrer is the only error assigned.

It will not be necessary to set out the complaint. The question presented involves the construction of certain statutes. The state bases its claim upon §67 of

1. the general act of March 6, 1891, concerning taxation (Acts 1891 p. 199, §10216 Burns 1914) which section is as follows: "Every insurance company not organized under the laws of this state, and doing business therein, shall, in the months of January and July of each year, report to the auditor of state under oath of the president and secretary the gross amount of all receipts received in the State of Indiana on account of insurance premiums for the six months last preceding, ending on the last day of December and June of each year next preceding, and shall at the time of making such report pay into the treasury of the state the sum of three dollars on every one hundred dollars of such receipts, less losses actually paid within the state, and any such insurance company failing or refusing for more than thirty days to render an accurate [account] of its premium receipts as above provided and pay the required tax thereon shall forfeit one hun-

dred dollars for each additional day such report and payment shall be delayed, to be recovered in an action in the name of the State of Indiana on the relation of the auditor of state in any court of competent jurisdiction, and it shall be the duty of the auditor of state to revoke all authority of any such defaulting company to do business within this state."

At the time this statute was enacted there was in Indiana no law in existence for the incorporation of health insurance companies, as such, on the assessment or mutual plan, and no law for the admission to this state of such companies which had been organized elsewhere. It was not until 1897 that there was enacted a law providing for the organization of such assessment insurance companies, and for the admission to the state of those which had been organized in other states.   Section 25 of the assessment insurance act of 1897 (Acts 1897 p. 318, §4763 Burns 1914) is as follows:   "The fees to be paid by each corporation, association or society, to the auditor for the authority to such corporation, association or society, and its agents under the license granted by him to each corporation, association or society, to transact business in the State of Indiana shall be as follows:   For filing copy of charter or articles of incorporation, twenty-five dollars; for filing each annual statement, twenty dollars;   *   *   *   for affixing seal and certifying to any paper, one dollar; for renewal of license, each such corporation, association or society shall file with the auditor of state its annual statement, for which it shall pay the sum of twenty dollars; for issuing license to each agent, one dollar; for affixing seal and certifying any paper, one dollar: Provided, also, that when any state or country shall impose any obligations in excess of those imposed by this act upon any such corporation, association or society of this state, a like obligation shall be imposed on similar

corporations, and their agents, of such corporations, association or society, in transacting business in this state: And provided, also, that such corporation, association or society, in transacting business in this state, shall be subject only to the provisions of this act."

Section 27 of the act of 1897 provided for the repeal of all conflicting "laws or parts of laws."

The question for our consideration is whether or not, in addition to the fees provided for in §25 of the act of 1897, the state is authorized to require of foreign assessment insurance concerns doing business in this state the sum of three dollars on every one hundred of its gross receipts, less losses actually paid within the state, as provided by §67 of the act of 1891.

It will be observed that §25 of the act of 1897, concerning the organization of corporations to do an insurance business on the assessment plan, and to regulate and control such corporations when organized in other states, contains the following proviso: "That such corporation, association, or society, in transacting business in this state shall be subject only to the provisions of this act."

The wording of this proviso is definite and certain. It provides that an assessment insurance association, such as appellee herein, in transacting its business in this state, "shall be subject only to the provisions of this act." The act of 1897 contains twenty-seven sections, and is comprehensive in character. It is, and purports to be, sufficient to cover every phase of the activities of this class of insurance associations. The fees to be paid by such associations for the privilege of transacting business in the state are fixed by the act, and in the very section containing the proviso. Section 25 specifically provides that the fees required are to be paid "for the authority * * * to do business in the state." Also, the money to be paid to the state by for-

eign insurance companies, under the act of 1891, is for the privilege of doing business in the state. It will, therefore, be observed that if appellant is right in its contention, then foreign insurance associations doing business in Indiana on the assessment plan would be required to pay two different amounts under two separate laws for precisely the same right.

Clearly the words of the proviso have application to the subject covered by the section to which it is attached. Such, in fact, was the interpretation 2. placed upon this statute by this court in *Phoenix, etc., Assn.* v. *Lathrop* (1907), 41 Ind. App. 141, 81 N. E. 227, where it is held, that "so far as the matters which are specified in the act are concerned, such associations or societies are solely governed by it" and, as averred in appellee's complaint, such was the interpretation which for about twenty years was placed upon the act of 1897 by the insurance department of the state. While such construction of a statute will not prevail against its plain meaning, nevertheless, as stated by Black in his excellent work on statutory construction, it "is entitled to great respect, and if the statute is doubtful or ambiguous, such practical construction ought to be accepted as in accordance with the true meaning of the law, unless there are very cogent and persuasive reasons for departing from it." Black, Interpretation of Laws 221; *The State Board, etc.* v. *Holliday* (1898), 150 Ind. 216, 230, 49 N. E. 14, 42 L. R. A. 826.

We hold that the right of foreign associations to transact a sick and accident insurance business in this state is governed exclusively by the act of 1897, 1. and that the privilege tax provided for by the act of 1891, was by the state unlawfully imposed upon appellee. It follows, that the demurrer to the complaint was properly overruled.

Affirmed.