No. 25,054.

Susie Hornick, *Appellee*, v. The First Catholic Slovak Union of the United States of America, a Fraternal Beneficiary Society, *Appellant*.

SYLLABUS BY THE COURT.

Fraternal Insurance—*Limitation of Action—Provision in Certificate Repugnant to State Statute Invalid.* A provision in a' fraternal beneficiary certificate that no action may be brought thereon unless within eighteen months from the date of the death of the member is repugnant to the provisions of our statutes (R. S. 60-306), and therefore void.

Appeal from Wyandotte district court, division No. 2; Frank D. Hutchings, judge. Opinion filed March 8, 1924. Affirmed.

*George R. Allen,* and *James M. Meek,* both of Kansas City, for the appellant.
*J. H. Brady,* and *T. F. Railsback,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The action was one to recover under a fraternal beneficiary certificate. The defendant appeals from an order sustaining a demurrer to a portion of its answer.

The defendant is a corporation organized and existing under the laws of Ohio, authorized and doing business in Kansas. The plaintiff and her husband originally resided in Pennsylvania. The husband there made application for membership in a local lodge or branch of the defendant, became a member, and there received his certificate of membership. Later, the plaintiff and her husband removed to Kansas City, Kan., and there resided until his death, February 17, 1919. The certificate on which the action is based contained this provision:

"No action at law can or shall be maintained on said certificate unless brought within eighteen months from the date of the death of the member, nor until after such proofs of death and claim shall have been filed with the supreme secretary of the society, and acted upon by the supreme committee thereof, provided, however, that if the said proofs of death and claim are not so acted upon within four months after the filing of such proofs of death and claim with the supreme secretary of the society, an action may be brought, provided eighteen months have not expired since the death of the member."

The by-laws contained a similar provision. Both were set up as a bar to plaintiff's recovery. The action was filed more than eighteen months after the death of plaintiff's husband. Does it follow

that notwithstanding the statutes and adjudications of this state, plaintiff's right of recovery is barred?

It is the contention of the defendant that the eighteen months' limitation is a part of the contract, the legality of which must be tested by the law of the place in which the contract was made; that agreements of this nature constitute a discharge of the cause of action; that they extinguish the right; that they are not a part of the remedy to be determined by local law; that the instrument sued on was delivered and accepted in the state of Pennsylvania; is therefore a Pennsylvania contract; that since the eighteen months' limitation is valid in Pennsylvania, it should be held valid and in force everywhere.

Plaintiff contends that the agreement in the policy for a shorter or different time for the commencement of an action is in contravention of the statute of limitations of this state; that the limitation must be determined by the *lex fori* and not by the *lex loci contractus;* that there is no reason why the laws of the state of Pennsylvania are selected as a bar in this action except that the deceased was initiated into the order in a local lodge in Pennsylvania; that but two laws may be considered in determining a contract; one the *lex fori* and the other the *lex loci contractus;* that the law of the forum in this case is the law of Kansas; that plaintiff and her husband were residents of this state; that the husband died here; that the cause of action arose in this jurisdiction and was properly brought here, and defendants answered here; that the other law is the law of the place of contract and that is not the law of the place where the deceased joined the local lodge, but the law of the place of the domicile of the other party where the contract was made, and that this contract was made by the defendant corporation in the city of Cleveland and state of Ohio.

The defendant cites substantial authority to sustain its contention that the limitation was a part of the contract originally entered into between the parties, and that its provisions should be governed according to the laws of Pennsylvania. It cites 12 C. J. 449, where it is said:

"The general rule as to contracts of all kinds is that they are to be governed as to their nature, validity, and interpretation by the law of the place where they were made, unless the contracting parties clearly appear to have had some other law in view."

It also cites 6 Cooley on Briefs on the Law of Insurance, p. 167, where it is said:

Hornick v. Catholic Slovak Union.

"In the absence of stipulations or other evidence of a contrary intent, the validity of the contract of insurance is to be determined by the law of the place where the contract is made."

Numerous cases are cited in support of the text. Defendant relies on *Roberts v. Modern Woodmen of America*, 133 Mo. App. 207, the substance of which is as follows: Where a beneficiary association and insured were both residents of the state of Illinois at the time the application for insurance was made, and the certificate was issued and delivered, the contract was an Illinois contract governed by the laws of that state. And where, in an action on a beneficiary certificate, defendant set up that the contract was made in Illinois, and that under the laws of that state a clause in the certificate, requiring suit thereon to be brought within one year after insured's death, was valid, and that the action was not so brought, it was entitled to show in bar of the action that the stipulation, though invalid under the laws of Missouri, was valid under the laws of Illinois.

Other cases cited by defendant sustaining the same doctrine are *Brady v. Prudential Ins. Co.*, 168 Pa. St. 645; *Simmons v. M. W. A.*, 185 Mo. App. 483; *Clarey v. Union Central Life Ins. Co.*, 143 Ky. 540; 33 L. R. A., n. s., 881; *Dolan v. Royal Neighbors*, 123 Mo. App. 147; *Suggs v. Insurance Co.*, 71 Tex. 579; *Williams et al. v. Vt. Mutual Fire Ins. Co.*, 20 Vt. 222; 2 May on Insurance, 4th ed., § 478, 482; 19 A. & E. Enc. of L., 149, and cases cited; *Johnson v. Mutual Life Ins. Co. of N. Y.*, 180 Mass. 407; *Travelers Ins. Co. v. California Ins. Co.*, 1 N. D. 151.

While defendant's reasoning and the authorities cited have great weight, we may not overlook the fact that a different policy has been adopted in this state. Whatever may be argued with reference to the eighteen months' limitation specified in the certificate and by-laws of the defendant company, the provision is an attempt at limitation which runs directly counter to our statute. The defendant is a corporation doing business beyond the territorial limits of the state of its creation. It does so merely by comity. The state which it enters and in which it transacts business has the power to require it to carry on its business subject to the laws of such state. The defendant has seen fit to engage in business in this state. It should not be allowed to enforce stipulations which contravene the plain provisions of the statute intended for the protection of our citizens with whom it does business. The fact that the contract was made

before the plaintiff became a citizen of this state should make no difference. One entering into citizenship here is entitled to the protection of our laws. The 7th subdivision of R. S. 60-306 states that, "Any agreement for a different time for the commencement of actions from the times in this act provided [5 years] shall be null and void as to such agreement."

True, the decided cases in this state where the statute just mentioned has been applied, have not dealt with contracts made in and enforceable in other states. At least, the question appears not to have been presented. However, no sound reason appears why the same principle should not be applied in both classes of cases. Statutes of limitations and contractual limitations in cases of this kind are inherently matters which go to the remedy and not to the right. Many statutory provisions are made for the protection of personal rights of which the parties may or may not avail themselves in their transactions as they please, but where a statute such as is involved in this case is expressive of the public policy, any contract made in contravention of it is *ipso facto* void. Parties will not be allowed to substitute a policy of their own for an established public policy. Public policy is impersonal and of universal application within the territory of the authority declaring it. Statutes of limitation are not mere rules of evidence, presumptions of the payment or extinguishment of the obligation sued on, but frequently are expressive of the public policy. They are not in operation or suspense at the mere will of the parties, but in spite of them. It is argued that agreements of the nature presented here stimulate diligence on the part of the claimant and militate against the presentation of stale demands; that stale demands are always discouraged in the law; that lapse of time makes fair and full presentation difficult or impossible because of death or dispersion of witnesses, loss or destruction of writings and forgetfulness upon the part of those who once may have had accurate knowledge of the transactions. It may be said that the legislature considered all of these matters when it adopted the provision of the statute which applies here. While the statute means that no suit may be maintained upon the class of claims treated by it after the time therein fixed, it means also that until that time has elapsed the courts are open to hear the claim.

Agreements in advance to waive statutes of limitation altogether, are held void on the grounds that such statutes are for the repose, the

peace, and the welfare of society.  Greenhood on Public Policy, 504;
*Kellogg v. Dickinson,* 147 Mass. 432; *Trask v. Weeks,* 81 Me. 325;
*Green v. Coos Bay Wagon Road Co.,* 10 Sawy. 625, 23 Fed. 67.

In *Union Central Life Ins. Co. v. Spinks,* 119 Ky. 261, it was said:

"The strength of every contract lies in the right of the promisee to resort
to the courts of public justice for redress for its violation.  It is not enough
that the parties may have voluntarily agreed, nor that there was a satisfactory
consideration, nor that they have contractual capacity; for, if one has in such
agreement bound himself to forego some positive right given to him by the
law by which justice is secured, he should not be bound, for to do so is to bind
oneself to oppression, which is contrary to the well-being of society.  Courts
are established at the public expense to redress wrongs, including breaches of
contracts.  They are open at all times for that purpose.  Such is the public
good.  The knowledge of that fact exercises no small influence upon the con-
duct of individuals.  It is useless for the oppressor to try to get what he knows
the courts will not allow.  So he regulates his conduct by knowledge of that
fact.  Stale claims, if allowed, would tend to encourage perjury and fraud.
Therefore a statute is passed to restrict their assertion in the courts.  On the
other hand claims which are not outlawed, for the reason just assigned, ought
to have a forum in which they may be asserted against an unwilling or dis-
honest obligee.  The existence of that right is of great value to the claimant,
but it is likewise of great importance to the public, as by it the weak are as-
sured of their rights against the strong—the sum of all government.  A con-
tract agreeing in advance that the obligee will not resort to the courts for its
enforcement after one year, when the statutes of the state allow fifteen years
within which to begin the action upon it, is merely an agreement not to re-
sort to the courts, in spite of the policy and laws of the state which give the
right.  To enforce such is to put it in the power of one party to practice op-
pression, and to close the courts against its relief."  (p. 272.)

Another provision of our statutes applies to actions barred in
other states.  It reads:

"Where the cause of action has arisen in another state or country, between
nonresidents of this state, and by the laws of the state or country where the
cause of action arose an action cannot be maintained thereon by reason of
lapse of time, no action can be maintained thereon in this state."  (R. S. 60-
310.)

Three contingencies must exist before the provisions of this sec-
tion may operate:  (1st) The cause of action must have arisen in
another state.  (2d) It must be between nonresidents of Kansas.
(3d) It must be barred by the laws where the cause of action arose.

These three contingencies are absent in the instant case.  Here
the cause of action arose in Kansas.  It is between a resident of
Kansas and a resident of Ohio.  The cause of action accrued on the

death of plaintiff's husband. He was at the time a resident of Kansas, as was also the plaintiff, and the cause of action therefore arose in Kansas and is not barred.

"The true test therefore to determine when a cause of action has accrued is to ascertain the time when plaintiff could first have maintained his action to a successful result." (25 Cyc. 1067.)

In *Bruner v. Martin*, 76 Kan. 862, 868, 93 Pac. 165, it was said:

"The place where it arises is the place where some court has jurisdiction of the subject-matter and the party against whom the cause of action has arisen. The cases referred to holding that the cause of action arises where the contract was entered into ignore the true definition of a cause of action and confuse it with the subject of the action. The execution of the note is but a part of the transaction out of which the cause of action arises; the failure to keep the obligation and to perform the promise is the main thing which creates the cause of action and unless there be such a failure no cause of action ever arises. . . . A cause of action cannot be said to have arisen until it actually exists. In other words, a cause of action has not arisen until it has accrued. The words are synonymous. The subject of the action in this case was the promissory note and mortgage. They were executed in Kansas. The subject of the action originated in Kansas, but there was no cause of action until the maker failed to pay at maturity."

In 25 Cyc. 1018 this language is used:

"As a general rule since statutes of limitations affect the remedy only an action on a contract is governed by the *lex fori*, that is, by the statutes of the state or country in which the action is brought and not by the *lex loci contractus* or the *lex domicilii*."

In 1 Wood on Limitations, section 1, the rule is thus stated:

"Statutes of limitations are such legislative enactments as prescribe the periods within which action may be brought upon certain claims or within which certain rights may be enforced and those statutes which merely restrict a statutory or other right do not come under this head, but rather are in the nature of conditions put by the law upon the right given . . . The weight of authority now is that the statute of limitations as to personal actions affects only the remedy, and does not extinguish the right. *Mich. Ins. Bank v. Eldred*, 130 U. S. 693, 32 L. Ed. 1080; *Hobbs v. Nat. Bank of Commerce*, 96 Fed. 396; *Brunswick Terminal Co. v. Baltimore Nat. Bank*, 99 Fed. 635; 48 L. R. A. 625. . . . Note: It results from the rule stated in the text, in matters of contract, that the statute of limitaions does not become a part of the contract. *Vore v. Hawkeye Ins. Co.*, 76 Iowa 548. Statutes of limitations act on the remedy. (*McFarland v. Cornwell*, 151 N. C. 428.) They are designed to affect the remedy, and not the right of contract. (*Harrington v. Anderson*, 23 Colo. App. 415.) They apply only to the remedy, without cancelling the obligation."

In 7 Cooley's Briefs on the Law of Insurance, 1673, it is said:

"The general rule is that, unless forbidden by statute, a condition in a policy for insurance providing that there shall be no recovery thereon unless suit is brought within a given time is valid," (citing authorities). This is true even though the period is less than that prescribed by the statute of limitations (Citations). . . . The condition is held to be void, when the statute declares that the time within which suit shall be brought shall not be limited by contract."

In 5 Joyce on Insurance, section 3224, it is said:

"In many of the states statutes exist relative to actions upon insurance policies, and in some states laws have been enacted by which any condition or stipulation in a contract of insurance requiring an action to be brought within a period less than that specified on or provided for by the statute shall be void. And as a rule, although such policy limitation clauses may vary in their terms or form, still in so far as they conflict in this respect with valid express statutory prohibitions on the subject they are to that extent thereby precluded from operating as a bar to an action even though it is not commenced within the contractual limitation period."

In *Miller v. State Ins. Co.,* 54 Neb. 121, it was said:

"A contract which provides that no action shall be brought thereon or for a breach thereof unless within a time therein specified which is different from the time which the statute fixes for bringing an action on such contract or for a breach thereof is against public policy and will not be enforced. . . . The court . . . declines to be bound to a period of limitations fixed by any contract other than the period prescribed by the statute." (pp. 122, 123.)

The policy of this state appears to date back as far as 1897. In *Mead v. Insurance Co.,* 68 Kan. 432, 435, 75 Pac. 475, it was said:

"When the policy was issued and the loss occurred the agreement limiting the time within which an action to recover on the insurance contract might be commenced was not illegal. (*McElroy v. Insurance Co.,* 48 Kan. 200, 29 Pac. 478.) By chapter 91, Laws of 1897, such contracts are no longer permitted. [R. S. 60-306.]"

Reference to the same provision of the statute was made in *Mayes v. Knights and Ladies of Security,* 92 Kan. 841, 846, 142 Pac. 290.

In *Erickson v. Commercial Travelers,* 103 Kan. 831, 176 Pac. 989, it was said:

"A provision in an agreement that actions on insurance policies can only be brought within six months after the claim has been disallowed is repugnant to the provisions of section 17 of the civil code, and therefore void." (Syl. ¶ 3.)

In the opinion it was said:

"Attention is called to the provision in the constitution of the defendant, that all actions against the company must be brought within six months after

the disallowance of a claim against the defendant. This action was not brought within that period. It was brought, however, within the time specified in the civil code for the bringing of actions of this kind, and the legislature has provided that: 'Any agreement for a different time for the commencement of actions from the times in this act provided shall be null and void as to such agreement.'" (p. 834.)

The same rule was followed in *Fair Association v. Casualty Co.*, 107 Kan. 109, 190 Pac. 192. (See, also, *Nickel v. Vogel*, 76 Kan. 625, 92 Pac. 1105; *Crow v. Hartzler*, 103 Kan. 800, 176 Pac. 651; 14 R. C. L. 1418; *Galliher v. State Mutual Life Ins. Co.*, 150 Ala. 543; Bacon on Benefit Societies, § 444; *Douville v. Pacific Coast Casualty Co.*, 25 Idaho 396; *Gaffney v. Royal Neighbors*, 31 Idaho 549; *Phœnix Accident, etc., Assn. v. Lathrop*, 41 Ind. App. 141; *Seay v. Commercial Union Assurance Co.*, 42 Okla. 83; *Keys & Keys v. Merchants and Traders Ins. Co.*, 37 Okla. 480.)

The judgment is affirmed.