No. 31,524

JOSEPH BLASHUM and WILMA BLASHUM, Minors, by Their Next Friend, STANA ERGOVICH, *Appellants*, v. THE ST. JOSEPH AND ST. MARY CATHOLIC BENEFIT SOCIETY OF THE ST. JOHN THE BAPTIST PARISH OF KANSAS CITY, *Appellee*.

(36 P. 2d 957)

Opinion filed November 3, 1934.

*James M. Meek*, of Kansas City, for the appellants.

*A. J. Herrod, William Drennan.* and *John P. Carr*, all of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover insurance which Josie Blashum had procured with The St. Joseph and St. Mary Catholic Benefit Society, St. John the Baptist Parish of Kansas City, a corporation. She became a member of the organization in 1927, and is alleged to have been sick in January, 1929, and in February of the same year.

In the petition it was alleged that she was entitled to benefits from January 19th to the 28th of the month, and was again sick from February 11th to the 28th, when she was reported as being well. She was entitled to one dollar per day for the time of her sickness. It is alleged that if she was accredited with the benefits, the amount due her would have more than paid for the dues and assessments from membership. Later, in March, 1932, she died, and when proof of death was made the beneficiaries or their guardian brought this action, claiming such benefits for the days mentioned in January and February, 1929, to wit: from January 19 to January 28, and from February 11 to February 28.

At the trial the plaintiff contended that this sickness had not been paid for, while the defendant contended that it had. It turned out that the proof of the payment of the check for the amount of these two items had been receipted by Mrs. Blashum. Near the

close of the trial plaintiff claimed that Mrs. Blashum had been sick in March and asked to amend the pleadings and claim for that sickness. No proof had been presented to the corporation of such sickness, and the claim was not within the issues in the case. Under the rules a member must be sick for more than one week before recovering compensation. She cannot claim benefits unless she shows a physician's report on the case. Members who live outside of the bounds of Kansas City, Kansas or Missouri, must show a doctor's certificate, which must be affirmed by notary public under oath, and if they change address they shall make the same known in writing to the secretary. If an address is changed and they do not notify the financial secretary within thirty days they shall receive no help from the organization. Mrs. Blashum did not notify the president of the sick committee or the pastor of St. John The Baptist Parish of Kansas City. She offered proof of the sickness alleged in her pleadings, for certain days in January and February, and as to these had complied substantially with the requirements, but sickness in March and later was entirely outside the issues, and the amendment was not warranted. She did not pay any dues or assessments after June, 1929, and she was notified that unless she paid in September she would be suspended on or before October 6, 1929. She made no complaint that the organization owed her any benefits after those due in January or February, 1929, when she received and indorsed the check on April 8, 1929.

The answer of defendants pleaded payment, and it proved that the only sickness mentioned in the petition had been paid. The amendment would have substantially changed the issues in the case and, if permitted, would have taken the defendant by surprise. They had never heard of any other sickness until this offer of proof for which the amendment was asked. It was held in *Jewett v. Malott*, 60 Kan. 509, 57 Pac. 100, that:

"While the courts are liberal in permitting parties to amend their pleadings, they are not warranted in allowing amendments which substantially change the claim or defense previously relied on." (Syl. ¶ 1.)

See, also, *Birch v. Solomon Nat'l Bank*, 125 Kan. 211, 263 Pac. 1044.

The amendment of the pleadings was a matter within the discretion of the trial court. In view of the situation at the time the amendment was applied for and the nature of it, there was no abuse of discretion in refusing leave to amend. (*Kennett v. Van Tassell*,

70 Kan. 811, 79 Pac. 665; *Abel v. Hounsom*, 107 Kan. 741, 192 Pac. 384, 193 Pac. 355.)

The special findings of the jury set aside by the court were outside the issues and proof on them was not proper. Other of the findings should have been set aside for the same reason.

That for which the member made proof, she had received payment. When she was dropped from the roll of membership for nonpayment of dues and assessments, she made no complaint of the ruling. The causes of action pleaded were shown to have been paid, and a denial of leave to amend and set up another and different cause of action was not an abuse of discretion.

The judgment is affirmed.