No. 33,710

BETTY JEAN LASHBROOK, an Infant, by Evelyn Lashbrook, Her Guardian, and EVELYN LASHBROOK, *Appellees*, v. THE SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD, *Appellant;* COBB UNDERTAKING COMPANY, Intervenor, *Appellee.*

(79 P. 2d 881)

Opinion filed June 11, 1938.

*A. B. Keller, George R. Malcolm* and *C. A. Burnett,* all of Pittsburg, for the appellant.

*C. S. Denison* and *Ben W. Weir,* both of Pittsburg, for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action to recover on a fraternal benefit insurance certificate issued by defendant.

Payment was resisted on the ground that the insured was under suspension for nonpayment of dues and assessments.

The controlling facts were established without serious dispute. On February 10, 1925, one Robert P. Lashbrook, of Blytheville, Ark., procured from defendant a certificate which insured his life for $1,000 for the benefit of his wife and infant daughter, plaintiffs herein. Lashbrook's membership in the defendant association was in one of its local camps, designated Oak Camp, No. 1172, at Fountain, Ark. The clerk of this camp was J. F. Cooper. He was authorized to receive and issue receipts for dues and assessments paid by local members of the fraternity.

With sufficient regularity to satisfy the defendant, Lashbrook remitted the requisite dues and assessments to keep his insurance ·certificate in force until 1932. Whether he did so subsequently, within the terms of his certificate and the bylaws of the defendant and the pertinent law, requires the facts of such payments during the year 1932 to be stated with particularity.

On March 9, 1932, Lashbrook remitted to Cooper, clerk of defendant's local lodge, Oak Camp, No. 1172, the sum of $5, and received the clerk's official receipt therefor, particularized as follows:

"For Sov. Camp Fund Annual Ass't from
   12 to 6
Or Sov. Camp Fund Monthly Installment
   No. 1, 2, 3, 4, 5.................................... 3.80
Monthly Camp Dues, Jan., Feb., Mar., Apr., May........ 1.20"

On June 12, 1932, Lashbrook similarly remitted $3.03, and received the clerk's official receipt therefor, which included this recital:

"For Sov. Camp Fund Annual Ass't from
   5 to 9
Or Sov. Camp Monthly Installment
   No. 6, 7, 8 ........................................ 2.28
Monthly Camp Dues June, July, Aug..................... .75"

On December 5, 1932, Lashbrook made a similar remittance and received the clerk's official receipt therefor, specifying as follows:

"For Sov. Camp Fund Annual Ass't from
   7 to 12
Or Sov. Camp Fund Monthly Installment
   No. 8, 9, 10, 11.................................... 3.04
Monthly Camp Dues Aug., Sep., Oct., Nov............... 1.00"

On February 4, 1933, Lashbrook was stricken with an illness which confined him until February 18, when it caused his death. During his illness, on February 9, defendant received a remittance of $2.28 on Lashbrook's behalf. Proofs of his death were submitted on March 21. On April 4, defendant returned this last remittance and rejected plaintiffs' claim for insurance on the specific ground that the insured was under suspension at the time of his death for a claimed delinquency in the payment of his dues and assessments for the month of December, 1932.

In a letter to plaintiffs' attorneys, dated August 14, 1933, defendant's claim department wrote:

"This decedent became suspended January 1, 1933, by reason of having failed to make payment of the December installment of the 1932 assessment on or before the last day of that month in which the installment was due.

.    .    .    .    .    .    .    .    .    .    .    .    .

"In specifying the above ground for rejection, the Association does not waive any other defense which it might have against the payment of any claim for benefits under the certificate in question."

This action to recover on the insurance certificate was begun on October 14, 1933, alleging the pertinent facts, and including the following:

"The said defendant has failed, neglected and refused to pay the said sum of one thousand dollars ($1,000) or any part thereof, and said defendant has based its refusal to pay said amount on the ground that the said Robert P. Lashbrook, deceased, had failed to make payment of the December installment of the 1932 assessment on or before the last day of the month of December, 1932, when in truth and fact the said installment was paid by the said Robert P. Lashbrook, deceased, or some person on his behalf, prior to the 1st day of January, A. D. 1933."

Defendant filed its answer on January 27, 1936. It contained a general denial and certain admissions. It pleaded its bylaws and the provisions of the insurance contract at much length. It also pleaded:

"15. The defendant, further answering, denies that the said Robert P. Lashbrook made payment of the December installment of the 1932 assessment prior to the 1st day of January, 1933, and denies that said installment was paid by any person on behalf of said Robert P. Lashbrook prior to the 1st day of January, 1933.

.    .    .    .    .    .    .    .    .    .    .    .    .

"17. The defendant, further answering, says that the said Robert P. Lashbrook became ill on or about the 4th day of February, 1933, and that his illness continued until the 18th day of February, 1933, and that he died on said 18th day of February, 1933, and that the monthly installment of the assessment on his certificate for the month of December, 1932, had not been paid on or before the 4th day of February, 1933, and on or before the date of his said illness."

The cause was tried on June 28, 1937, before a jury. In the course of the trial, plaintiffs introduced the receipts for the payment of dues and assessments for the year 1932, as summarized above. These proved beyond cavil that the insured was not delinquent in the payment of his dues and assessments for December, 1932; but that an indisputable and obvious error had been made in the recitals of the receipt of December 5, 1932, where it specified that the remittance received that day paid Lashbrook's dues and assessments for

the months of *August*, September, October and November, whereas his dues and assessments for *August* had been paid by Lashbrook's remittance of June 12, as specified in the receipt of that date.

To reorganize its lines of defense in the course of the trial, defendant asked leave to amend its answer so as to place its reliance on Lashbrook's failure to pay his dues and assessments for January, 1933, and that when these were paid on February 9, Lashbrook was ailing from the malady which shortly thereafter caused his death. This permission to amend was denied for various reasons, one of which was that it was so belatedly requested. In defendant's answer, which was filed 2 years, 3 months, 13 days after the action was begun, Lashbrook's alleged delinquency in payment of dues and assessments for December, 1932, had been specially pleaded as the defense relied on. It is familiar law that the allowance or refusal of belated amendments is vested quite largely in the discretion of the trial court. (*Wands v. School District*, 19 Kan. 204, 207; *Bank v. Brecheisen*, 98 Kan. 193, 157 Pac. 259; *Blashum v. St. Joseph Catholic Society*, 140 Kan. 290, 36 P. 2d 957.) But we will not be concerned with the trial court's refusal to allow the requested amendment for a controlling reason which will presently appear. It is a settled rule of law in actions on insurance policies that when the defendant has plainly stated or pleaded the basis of its denial of liability, it will not be permitted to shift its ground of defense and seize upon another ground which it may deem more tenable. This rule of law is begotten of a broad sense of justice. Where widows and orphans are told that the insurance association cannot pay the insurance certificate or policy of the husband and father for the specific reason that he was delinquent in payment of dues, assessments or premiums, and that his insurance contract had been nullified thereby, the association must stand on that ground. If that ground is legally sufficient, the insurance association is not liable. If it is untenable, its liability is absolute. In *Mayes v. Knights & Ladies of Security*, 92 Kan. 841, 142 Pac. 290, it was said:

"Where a beneficiary association places its rejection of the claim of a beneficiary upon the distinct ground of forfeiture for failure to pay the dues of a certain month within the time prescribed by the bylaws, it thereby waives any defense it may have arising out of the failure to pay at the proper times the dues of two preceding months, such payments having been received and credited out of time, by the proper officer of the local council." (Syl.)

In *Lucas v. American Yeomen*, 105 Kan. 700, 185 Pac. 901, it was held:

"Where, prior to being sued upon a certificate of fraternal insurance, a beneficiary association denies liability and places its refusal to pay solely upon the ground of accord and satisfaction, it thereby waives other defenses, including a failure to demand arbitration." (Syl. ¶ 1.)

See, also, *Mohr v. Women's Benefit Ass'n*, 131 Kan. 132, 289 Pac. 476.

What significance should be given to defendant's general language denying liability in its correspondence with plaintiffs and with their attorneys, which was to the effect that not only did defendant decline to pay because Lashbrook was delinquent in the payment of dues and assessments for December, 1932, but also that it "does not waive any other defense which it might have against the payment of this certificate"?

We think that that language did not strengthen defendant's position in the slightest degree. It had chosen its specific ground of defense against liability. Defendant could not be permitted to mystify the plaintiffs by hinting at some other possible defenses it might have "up its sleeve," which it was holding in reserve until the exigencies of the lawsuit should require their interposition.

The other matters urged in defendant's behalf have been carefully considered, but they are not of sufficient importance to disturb the judgment, and would not justify present discussion.

The judgment is affirmed.