## No. 37,634

ED COYLE and LILA COYLE, *Appellants*, v. D. S. GRIGSBY and WAYNE MILLER, *Appellees.*

(213 P. 2d 1005)

Opinion filed January 28, 1950.

*Joe T. Rogers,* of Wichita, argued the cause, and *O. M. Wheat,* of Medicine Lodge, and *Roy L. Rogers,* of Wichita, were with him on the briefs for the appellants.

*Paul R. Wunsch,* of Kingman, argued the cause, and *W. Luke Chapin,* of Medicine Lodge, and *Charles H. Stewart,* of Kingman, were with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to enjoin defendants from improving or using a public road. Judgment was for defendants on

their cross petition enjoining plaintiffs from interfering with the use and maintenance of the road. Plaintiffs have appealed.

The dispute arises from activities of the board of county commissioners and of the parties and their predecessors in interest with reference to a half mile of road in Barber county. Some of these activities took place in 1882. They will be noted in this opinion as we proceed.

The petition alleged the ownership by plaintiffs of a described quarter section; that defendants owned a quarter section south of it and it was occupied by a tenant; the petition then described a half mile of roadway running on the township line from the northwest corner of plaintiffs' quarter south to the northwest corner of defendants' quarter; that in 1930 Otis Coyle owned the land owned by plaintiffs and he and C. L. Grigsby and D. L. Grigsby entered into a contract reciting that Coyle owned the east half of section 25 and C. L. and D. L. Grigsby owned the land south of it and it was agreed that a road should be built from the northeast corner of section 25 and running south half a mile to a lane belonging to Coyle; that it should be thirty feet wide and be immediately west of the range line. It should be stated here that this description put the half mile of road contracted for entirely on land owned by Coyle; that C. L. and D. L. Grigsby agreed to repair the east fence of this road and to keep a gate at the south end closed and Coyle agreed to maintain the west fence; that the interest of C. L. Grigsby had passed to D. L. Grigsby; that the Grigsbys had failed to maintain the gates and keep up the fence and to construct the road and were no longer entitled to use it.

The petition then alleged that about May 26, 1947, D. S. Grigsby caused to be filed a petition for a road twenty-five feet wide running from the southwest corner of the northwest quarter of section 30 (that would be the northwest corner of defendants' quarter section) north on the section line to the northwest corner of section 30; that the commissioners viewed such a road and made an order purporting to open it; that the board had no authority to order such a road constructed; that defendants failed to comply with the order of the commissioners in that they had graded the road, but the grading was not on the section line and they had not constructed automobile gates; that the commissioners had found plaintiffs' damages to be $300 but defendants had failed to pay them; that defendants had no right to proceed with the construction of the road and its opening would be taking the property of plaintiffs' for private use. The

prayer was that the defendants be enjoined from constructing the new road or entering upon or using the new one.

To clarify the matter, the petition alleged the existence of a half mile of road leading from defendants' property across the plaintiffs' property; that a contract was made almost twenty years ago between the parties or their predecessors in interest to build a half mile of road on the same lines; and about two or three years ago a proceedings was instituted by defendants to locate a new road. Incidentally we learn from counsel and an examination of the map that this particular half mile of road connects at the northwest corner of the northeast quarter of section 30 with a township road which runs a half mile west to connect with the county road to Medicine Lodge.

The answer of defendants admitted all the facts of the petition up to the alleged contract; denied that either one of the defendants had entered into a contract or had violated the terms of any contract; they admitted the petition to view a road; that proceedings were had before the county commissioners and an appeal taken to the district court. The answer then alleged that on July 5, 1882, the county commissioners laid out a public highway known as Highway No. 8, and that a portion of it ran from the north line of section 30 south on the township line for a half mile; that it was in 1883 used for a public road and had been ever since and had never been vacated or abandoned by nonuse. It will be seen this is the same half mile of road described by plaintiffs in their petition.

The pleadings thus far put the burden on plaintiffs to prove the irregularity of the proceedings for the new road.

The prayer of the answer was that injunctive relief be denied plaintiffs.

For their cross petition defendants pleaded that the township board was ready and willing to maintain the road in question, known as road No. 8, but was restrained from doing so by plaintiffs, who were thus preventing the maintenance of a public road.

The prayer of the cross petition was the portion of road No. 8 in question be declared to be a highway and that plaintiff be restrained from interfering with its use and maintenance.

Plaintiffs' reply to defendants' answer was a general denial. They then alleged in an answer to the cross petition that the first public road between Medicine Lodge and Kiowa was known as Road No. 6 and ran through the land in question a mile west of the range line; that on July 5, 1888, the county commissioners laid out a road beginning at a point near Medicine Lodge and running south four miles

to a point on section 36, thence southwest until it intersected the road between Medicine Lodge and Kiowa Road No. 6 and the petition prayed that the old road be vacated that lay between the point of intersection just spoken of and the north line of section 25; that this road ran over the half mile, now in controversy, and had been used ever since as a public road and that thereafter Road No. 6 was abandoned. The answer then alleged that on May 7, 1883, a petition was received by the county commissioners asking that a road be laid out beginning at the northwest corner of section 24, when as a matter of fact it was the intention of the petitioners, and the survey of the road did begin at the northeast corner of the northeast quarter of section 24, leaving the course of Highway No. 8 and so proceeding at various angles to the Kiowa road and the county commissioners approved the petition and ordered Road No. 8 vacated between these points; that thereafter Road No. 8 was abandoned and was no longer maintained by the county commissioners; that if no record existed of the action of the commissioners it had been lost but that the public generally accepted the change and regarded Road No. 8 as abandoned.

The prayer was that defendants take nothing by their cross petition.

To clarify the matter, this answer alleged in 1882 the opening and use ever since of the half mile in question as part of it, then the vacating of this road in question in 1883.

At the trial the trial court sustained defendants' demurrer to the plaintiffs' evidence. There was no appeal from this order. The trial then proceeded on the cross petition of defendants and the answer thereto.

The trial court found the half mile of road in question was duly laid out in 1882 as a part of Road No. 8; that it had been thereafter used and maintained as a public highway, had never been vacated; that it should be declared a public road and plaintiffs should be enjoined from interfering with the use of it. Judgment was entered accordingly.

Plaintiffs filed a motion for a new trial on the grounds of abuse of discretion, accident and surprise, erroneous rulings in admission of evidence, passion and prejudice and newly discovered evidence. Affidavits of this newly discovered evidence were furnished.

The motion for a new trial was overruled—hence this appeal.

The plaintiffs assign specifications of error, as follows: In holding the defendants could abandon their proceedings to open a road

after the commissioners had ordered it laid out; in holding the road at a prior time had been established as a public road, nothing but an order vacating it would be sufficient to change its character; in holding that the abandonment of a public road by the public did not change its character; in holding the order of the county commissioners declaring a private road and prescribing automobile gates was valid; in granting defendants an injunction; in overruling plaintiffs' motion for a new trial; in refusing to allow plaintiffs to amend their petition; and in rejecting testimony proffered plaintiffs.

The first argument of plaintiffs is that the trial court erred in holding the defendants could abandon their proceedings to open a road after the county commissioners had ordered the route to be laid out as a road and show that it was already a public road. It will be remembered the plaintiffs pleaded in their petition the filing by defendants of proceedings to lay out a road along this line and that the board carried out the project in an improper manner, while the defendants admitted these proceedings, alleged they had been properly carried on and stated plaintiffs had appealed to the district court, where the appeal was pending at the time the pleading was filed. We learn from the record here and from statements in the briefs that the district court dismissed the appeal and on appeal this court affirmed it. (See *Grigsby v. Coyle,* 165 Kan. 445, 196 P. 2d 181.) Appellants cite and rely on authorities where we have held that once the county commissioners have instituted the laying out of a road on the question of damages, the commissioners cannot for the purpose of lessening the amount of damages show that a public road had been laid out prior to the proceedings. This rule is not helpful here. There is no question here of a change in the position taken by the county commissioners. Both sides admitted the proceedings had been had, although plaintiffs claimed they were faulty. Whether they were faulty does not appear on this record. Plaintiffs complain in their briefs that their land is being taken for a road without compensation. This refers to the $300 damages awarded the Coyles in the road proceedings. This action was brought to enjoin the Grigsbys from improving the road. Such an action is not the proper proceedings to collect their damages. At first reading it would appear that the road proceedings of 1947 were pleaded by plaintiffs in order to show they were faulty and incomplete and did not confer any rights on defendants. No attempt was made by plaintiffs to establish the facts alleged. After all is said and done

this action was actually tried and determined not on the regularity or irregularity of the road proceedings but on matters that transpired in 1882 and 1883 and since with reference to laying out of roads. One other reason appears why this argument is not good. The record discloses the travel has been first in one line and later in another a short distance west. The record is not at all clear that the road laid out by the county commissioners in 1947 is on the identical ground formerly used, however.

Plaintiffs next argue the trial court erred in holding the half mile of road in question had ever been established as a public road. The plaintiffs' pleadings admitted this. Furthermore, the old records tended to substantiate the pleadings. Plaintiffs state in their brief there was no parol evidence it had been used as a public road. One of the plaintiffs testified the road had been used although he testified that after the contract pleaded had been signed travel had been a short distance east of where it had been before. There seems to have been no dispute but there had been a road in that general location ever since the country was settled. Ever since 1882 defendants have used this road to travel from their farm home to the township road.

Plaintiffs next argue the trial court erred in refusing them permission to amend their answer to defendants' cross petition. In this connection plaintiffs point out they had alleged that Road No. 8 had been laid out and used as a public road from 1882 until the present time. At the trial they asked permission to amend this pleading by denying the above. The court pointed out the pleading had been filed after the action had been pending a considerable time and plaintiffs had ample opportunity to ascertain the facts. The denial or the granting of such a request is within the discretion of the court so long as the amendment does not substantially change the claim. (See G. S. 1935, 60-759; also, *Blashum v. St. Joseph Catholic Society,* 140 Kan. 290, 36 P. 2d 957.) As a matter of fact, this amendment would have been a complete reversal of the position taken by the plaintiffs up to that time. The court did not err in denying this request. Furthermore, there is evidence in the record from which the court would have been justified in finding that the road had been laid out and used.

The plaintiffs next argue two questions together, that is, that the court erred in holding that if the road had been established as a public road at some time in the past nothing but an order vacating

would be sufficient to change its character and in holding that the abandonment of a public road by the public for many years did not destroy its character as a public road. In this connection the plaintiffs argue that when the public generally ceased to use Highway No. 8 along the whole distance and the traffic generally moved along the road a mile east, this constituted an abandonment of the entire length of Highway No. 8 regardless of whether this half mile in question continued to be used. Such is not the rule in this state. (See *Elbe v. State,* 77 Kan. 179, 93 Pac. 803; *McAlpine v. Railway Co.,* 68 Kan. 207, 75 Pac. 73; and *Webb v. Comm'rs of Butler Co.,* 52 Kan. 375, 34 Pac. 973.) This is not intended to be a complete list of our authorities on this question. Plaintiffs furnished us none to the contrary.

Plaintiffs next argue the court erred in granting an injunction restraining plaintiffs from interfering with defendants' travel and improvement of the road. There does not seem to be any question but that there was the road along this line and that it was the only way defendants could get from their farm to the highway. There does not seem to be any question but that they had been traveling upon that general location since 1882. It does appear that there had been some controversy between all the parties as to the rights of defendants to the use of it. The controversy should be settled. The court was correct in granting the injunction.

The judgment of the lower court is affirmed.