No. 43,753

GEORGE D. BOBO and BETTY J. BOBO, *Appellants*, v. MUTUAL OF OMAHA MUTUAL BENEFIT HEALTH AND ACCIDENT ASSN., a/k/a MUTUAL OF OMAHA INSURANCE COMPANY, *Appellee.*

(395 P. 2d 317)

Opinion filed July 14, 1964.

*Richard v. Foote,* of Wichita, argued the cause, and *Robert R. Arnold,* of Wichita, was with him on the briefs for appellants.

*Gerald Sawatzky,* of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Donald L. Cordes, Robert L. Howard, Charles J. Woodin, Mikel L. Stout* and *Ronald K. Badger,* all of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This was an action to recover benefits under a policy of hospitalization insurance issued by the defendant. The appeal is from an order of the district court overruling the plaintiffs' "Demurrer and Motion to Strike" paragraphs Fourth and Fifth from the defendant's answer.

Summarized, the plaintiffs' amended petition alleged that they were residents of Sedgwick County, Kansas; that on June 13, 1962, the defendant, an insurance company duly organized under the laws of the state of Nebraska, issued to the plaintiffs its policy of insurance; that among provisions contained in the policy was a daily hospital room benefit clause wherein the defendant agreed to pay the plaintiffs the sum of $11 per day for each and every day either of them was confined to a hospital as a resident-bed

patient because of injury or sickness. It further alleged that between July 9, 1962, and December 5, 1962, while the policy was still in force and effect, the plaintiff, Betty J. Bobo, was compelled to be hospitalized under orders of her doctor. The specific dates and reasons for her hospitalization were alleged, and that benefits payable to the plaintiffs for those periods of hospitalization by reason of the policy of insurance amounted to $1,199; that the plaintiffs demanded payment according to the policy of insurance, but that the defendant refused to pay the benefits due thereunder and refused to perform its contract of insurance. A copy of the policy of insurance was attached to the amended petition as "Exhibit A," and the plaintiffs alleged that they fully conformed and complied with all the terms and conditions thereof, including making reports on blanks furnished by the defendant; that in furnishing such blanks for reports without objection thereto, the defendant waived any right to contend that the policy of insurance was not in force and effect and that the defendant is now estopped to assert that the plaintiffs have not fully performed conditions thereof.

The amended petition further alleged that on December 13, 1962, the defendant caused its agent to mail a letter to the plaintiff George D. Bobo wherein the defendant rescinded its policy of insurance with the plaintiffs and denied coverage of plaintiffs' claim by reason of false statements made by George in his application for insurance, in that he did not inform the defendant that Betty had suffered with and had been treated for a "nervous stomach"; that by denying coverage for the reason above set forth, the defendant was estopped from asserting any other defense to the policy, and defendant's refusal to pay plaintiffs' claim for the reason of false statements given to the defendant was without merit. A copy of the defendant's letter of recission of the policy was attached as "Exhibit B." The prayer was that the plaintiffs recover the amount sued for.

The defendant filed its answer denying generally the allegations of the amended petition except for such as were specifically admitted. It alleged it issued the insurance policy based upon and relying upon the truth and accuracy of the written representations of George as to the conditions of health of himself and his wife, Betty; that after the policy was issued and the first proof of loss by plaintiffs was processed, defendant discovered, in October, 1962,

by checking the hospital records and interviews with the doctors, that Betty had been suffering physiological gastrointestinal disease as early as October 20, 1960; that such information was not revealed on the application, and had it been revealed thereon the defendant could not have written the policy issued to the plaintiffs, and that it promptly took action to rescind the policy and return the premiums paid to the plaintiffs.

In paragraph Fourth defendant alleged in the alternative that if the policy had not been rescinded for the reason above set forth, various items of plaintiffs' claim were excluded from coverage under the policy by its own terms, and that as to other items of plaintiffs' claim, no proof of loss was filed with the defendant as required by the policy.

In paragraph Fifth defendant denied that it was estopped from rescinding the policy, and denied that it was estopped from denying, in the alternative, that the illnesses involved were specifically excluded or not covered by the terms of the policy itself.

Plaintiffs filed a pleading entitled "Demurrer and Motion to Strike" paragraphs Fourth and Fifth from the answer for the reason that they did not constitute a defense, and were immaterial and prejudicial to plaintiffs' cause of action. The court heard and overruled the Demurrer and Motion to Strike and plaintiffs were given ten days to reply. Thereafter, the plaintiffs perfected this appeal.

The defendant contends that the interlocutory order overruling plaintiffs' "Demurrer and Motion to Strike" is not a final appealable order. The point is well taken. Although denominated "Demurrer and Motion to Strike," plaintiffs' pleading is in substance a special demurrer and a motion to strike a portion of the answer and is to be construed as such in ruling on the issue of appealability. In *Krey v. Schmidt*, 170 Kan. 86, 223 P. 2d 1015, it was held:

"A special demurrer which is in effect a motion to strike rest in the sound discretion of the trial court, and rulings thereon are not appealable until final judgment in the lower court, unless they affect a substantial right and in effect determine the action." (Syl. ¶ 2.)

In the opinion this court stated that a "special demurrer" was not looked upon with favor, and said:

"The general rule seems to be that a demurrer will not lie to a single paragraph of a petition on the ground that it does not state facts sufficient to constitute a cause of action if the pleading as a whole states facts sufficient

to constitute a cause of action, and a demurrer to a part of a cause of action or part of a petition will only be entertained when the imperfect part is so material that, being eliminated, it leaves the pleading without a good cause of action." (l. c. 89, 90.)

By analogy, the same reasoning is applicable where a demurrer is filed to single paragraphs of an answer. Moreover, plaintiffs argue that the defenses alleged in paragraphs Fourth and Fifth are inconsistent with the defense denying coverage and rescission of the policy. It has been held that a demurrer to an answer predicated upon the contention that the answer contains inconsistent defenses is not authorized by G. S. 1949, 60-717. (*Giltner v. Stephens,* 163 Kan. 37, 44, 180 P. 2d 288.)

In attacking the sufficiency of a pleading to allege a cause of action, or to state a defense, counsel should carefully select the pleading authorized by the code of civil procedure. Here, the plaintiffs' pleading was simply a "double-barrelled" attempt to determine the validity of defenses raised in paragraphs Fourth and Fifth, and in passing upon the merits of the pleading, the district court was required to look to the substance of the pleading and was not bound merely by the name applied thereto by the plaintiffs.

In the instant case, the plaintiffs' pleading was overruled. The pleading sought to strike affirmative defenses from the answer and we are of the opinion that the order overruling the motion was not final within the contemplation of the code of civil procedure. It is well settled that rulings on motions to strike, regardless whether such motions have been sustained or overruled, rest in the sound discretion of the district court and are not appealable under G. S. 1949, 60-3302 and 60-3303, unless they are final, affect a substantial right, or in effect determine the action. The rule is so well established that citation of authority is unnecesary.

The plaintiffs' cause of action remains intact and none of their rights to pursue their remedy under the allegations of their amended petition have been taken away. There is nothing final concerning the defenses alleged in paragraphs Fourth and Fifth. In due time the parties will present their evidence in court. Evidence offered by the defendant in support of the defenses alleged in paragraphs Fourth and Fifth, if improper, may be challenged by objection. On this point see *Mohr v. Women's Benefit Ass'n,* 131 Kan. 132, 289 Pac. 476; *Svetlicic v. Farmers Alliance Ins. Co.,* 136 Kan. 551, 16 P. 2d 956, and *Lashbrook v. Sovereign Camp,* 148 Kan. 16, 19,

79 P. 2d 881. Should the question still remain open after all the evidence has been presented, counsel for the parties will be permitted to present their views of the law relative to instructions to the jury. The only holding this court now makes is that an appeal from an order overruling the plaintiffs' pleading is not a final appealable order and we do not pass upon the merits of paragraphs Fourth and Fifth. The sufficiency of these defenses may be raised in the district court or this court in a proper manner following trial. (*Allman v. Bird,* 189 Kan. 331, 369 P. 2d 387.)

The appeal is dismissed.