NOT DESIGNATED FOR PUBLICATION

No. 125,372

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

REVERSE MORTGAGE SOLUTIONS, INC.,
*Appellee*,

v.

PAULA K. GOLDWYN, a/k/a PAULA JOAN ENLOW, et al.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; JOHN F. BOSCH, judge. Submitted without oral argument. Opinion filed May 17, 2024. Appeal dismissed.

*Paula K Goldwyn*, appellant pro se.

*James Eric Todd*, of Millsap & Singer, LLC, of St. Louis, Missouri, for appellee.

Before COBLE, P.J., GREEN, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM: Paula K. Goldwyn filed a pro se motion for emergency relief to temporarily stop Federal National Mortgage Association (Fannie Mae)—Reverse Mortgage Solutions, Inc.'s successor in interest in this case—from removing her personal property from a home that Reverse Mortgage Solutions acquired from Goldwyn through foreclosure proceedings. But the district court granted Fannie Mae's request to strike Goldwyn's motion, finding it lacked jurisdiction to decide Goldwyn's claim requesting temporary injunctive relief. Goldwyn appeals this decision. Because we do not have appellate jurisdiction to consider this appeal, we dismiss this appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2007, Bernice A. Enlow executed a home equity conversion note and mortgage, commonly referred to as a reverse mortgage, on her home in Manhattan, Kansas, from Urban Financial Group. The reverse mortgage provided that if the property was not the primary residence of at least one surviving co-borrower when Enlow's death occurred, the mortgagee could require immediate payment of the mortgage balance.

Enlow died in 2012 and transferred the house to Goldwyn through a transfer on death deed. The lender—Reverse Mortgage Solutions, Inc., which purchased the mortgage from Urban Financial Group—opted to make all advances that Enlow had received due and payable. When Goldwyn did not pay this balance, Reverse Mortgage Solutions started foreclosure proceedings.

Goldwyn filed no responsive pleading in the foreclosure suit, and the district court entered an in rem judgment in favor of Reverse Mortgage Solutions in October 2014. The district court, however, later set this judgment aside but entered another in rem judgment against Goldwyn in November 2016, which Goldwyn appealed. Goldwyn also filed an emergency motion to stay the proceedings pending her appeal in this court. The district court denied the motion and issued an order for a sheriff's sale in March and April 2017. And this court ultimately affirmed the district court's foreclosure judgment. *Reverse Mortgage Solutions, Inc. v. Goldwyn*, No. 117,449, 2017 WL 6625225, at *14 (Kan. App. 2017) (unpublished opinion).

Reverse Mortgage Solutions proceeded with the sheriff's sale of the property in March 2017. The district court confirmed the sale on August 15, 2017. Goldwyn appealed that decision to this court as well.

On appeal from the confirmation of sale order, this court held that the district court committed an error because it ruled on Reverse Mortgage Solution's motion before the expiration of the seven-day period that Goldwyn had to respond to the motion. See Kansas Supreme Court Rule 133(b) (2024 Kan. S. Ct. R. at 217). Still, this court held that this error was harmless and ultimately affirmed the district court's judgment. *Reverse Mortgage Solutions, Inc. v. Goldwyn*, 56 Kan. App. 2d 129, 135-39, 425 P.3d 617 (2018). The appellate mandate was issued on March 19, 2020.

Sometime after the foreclosure sale and the period for redemption had expired, Reverse Mortgage Solutions assigned Fannie Mae the certificate of purchase for the property. Fannie Mae moved for a writ of assistance on November 16, 2021. The district court issued an order granting the motion the next day. The property was then transferred to Fannie Mae on November 23, 2021. Fannie Mae filed a notice of disposition or sale on December 24, 2021.

Over a month later, Goldwyn moved for injunctive relief under a pleading titled: "Motion/Petition For Emergency Stay Of Execution And/Or Injunction Temporary Restraining Order." Fannie Mae moved to strike the motion. Following a hearing, the district court granted Fannie Mae's request to strike, finding it lacked jurisdiction to consider Goldwyn's motion. Fannie Mae now concedes that it voluntarily agreed to allow Goldwyn additional time to remove her personal property from the premises.

Goldwyn appeals the district court's dismissal of her motion for injunctive relief. She moved to docket her appeal out of time, which was granted by this court.

This court also filed an order to show cause, requesting arguments on this court's jurisdiction to consider Goldwyn's appeal. The order noted that rulings involving temporary restraining orders are not appealable, citing *Allen v. Glitten*, 156 Kan. 550, 134 P.2d 631 (1943). In her response, Goldwyn set out in her pleadings the applicable

3

unlimited standard of review. She also explained that as a pro se litigant, she was unsure how to frame her legal argument. Still, Goldwyn maintained that Fannie Mae violated the district court's writ of assistance by disposing of, rather than "removing and storing" her personal property. Fannie Mae, however, maintained that a ruling which relates to a temporary restraining order is not an appealable decision. Fannie Mae also referenced an earlier argument that it made in response to Goldwyn's request to docket her appeal out of time, claiming the district court's decision was not final as required under K.S.A. 60-2102(a)(4).

Noting the parties' claims, this court retained Goldwyn's appeal but found it was "impossible to determine whether jurisdiction exists" from the record on appeal. This court also limited the scope of the appeal to "the district court's assertion that it 'lacks jurisdiction to adjudicate the merits of the claims raised.'" This court also granted Goldwyn leave to file a corrected brief to comply with Kansas Supreme Court Rule 6.02(a)(1) and (a)(4) (2024 Kan. S. Ct. R. at 35-36) (requiring appellate brief include a table of contents and a statement of facts with key cites to the record on appeal).

Goldwyn raises the following arguments:

- The district court lacked jurisdiction to issue a writ of assistance because the writ constituted a "[f]orcible entry and detention" of Goldwyn's real property under K.S.A. 60-506, which must be brought within two years of the time the cause of action accrued.
- The district court erroneously found that it lacked jurisdiction to consider Goldwyn's motion for injunctive relief because her request for "emergency stay of execution and/or injunction and/or temporary restraining order" is appealable under K.S.A. 60-2102(a)(2).

4

Goldwyn also asserts that if we hold that the district court lacked jurisdiction to consider her motion for injunctive relief, it necessarily follows that the district court did not have jurisdiction to grant Fannie Mae a writ of assistance.

On the appellate record before us, we do not have jurisdiction to review these claims. Thus, we dismiss Goldwyn's appeal.

*Lack of Jurisdiction and other Errors Precluding Review of Issue I*

An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *Baker v. Hayden*, 313 Kan. 667, 673, 490 P.3d 1164 (2021). Whether jurisdiction exists is a question of law, subject to unlimited appellate review. *City of Wichita v. Trotter*, 316 Kan. 310, 312, 514 P.3d 1050 (2022).

"It is a fundamental proposition of Kansas appellate procedure that an appellate court only obtains jurisdiction over the rulings identified in the notice of appeal." *Hess v. St. Francis Regional Medical Center*, 254 Kan. 715, 718, 869 P.2d 598 (1994). Goldwyn's notice of appeal specifically states that she appeals the district court's "March 31, 2022 order." The notice does not reference the district court's order issuing a writ of assistance. It also does not contain a catch-all phrase, such as stating the appeal is "'from each and every order entered contrary to [appellant].'" *Key v. Hein, Ebert & Weir, Chtd.*, 265 Kan. 124, 130, 960 P.2d 746 (1998) (finding argument that failure to identify the final judgment challenged on appeal and exclusion of catch-all phrasing persuasively established the notice of appeal did not confer appellate jurisdiction). But see *Associated Wholesale Grocers, Inc. v. Americold Corporation*, 293 Kan. 633, 638-39, 270 P.3d 1074 (2011) (distinguishing *Key* and liberally construing notice of appeal identifying two specific rulings to include a previously raised issue regarding the district court's jurisdiction to render the final judgments identified). We thus lack jurisdiction to consider

Goldwyn's claim challenging the writ of assistance, which the district court granted in November 2019. See K.S.A. 2023 Supp. 60-2103(b) ("The notice of appeal . . . shall designate the judgment or part thereof appealed from."); see also K.S.A. 2023 Supp. 60-2103(a) (requiring appeal to be taken within 30 days from the final judgment).

Goldwyn's first argument also violates the order issued by this court's motions panel. The order limited the issue on appeal to the district court's jurisdiction to consider Goldwyn's motion for injunctive relief. This court has held that a ruling of this court's motions panel is not a judgment on the merits of an issue and is instead a redirection of the issue to the panel assigned to hear the appeal. See *State v. Cotton*, No. 109,934, 2014 WL 4916447, at *1 (Kan. App. 2014) (unpublished opinion) (addressing mootness claim on appeal after motions panel denied identical claim "'on present showing'"). We therefore do not find Goldwyn's violation of the order precludes her overall claim but we still note the error and find it provides some support, though for an alternative reason, for this court's decision to dismiss this appeal.

We also note that Goldwyn has filed a "corrected" appellate brief. She, however, failed to add the necessary citations to the record. Kansas Supreme Court Rule 6.02(a)(4) (2024 Kan. S. Ct. R. at 36) requires that briefs contain fact statements and "key[] to the record on appeal by volume and page number." See Supreme Court Rule 6.03(a)(3). A consequence of a party's failure to do so may bring about the following: "'The court may presume that a factual statement made without a reference to volume and page number has no support in the record on appeal.'" Rule 6.02(a)(4) (2024 Kan. S. Ct. R. at 36); see Rule 6.03(a)(3). Nevertheless, this Supreme Court Rule violation does not implicate preservation rules. *State v. Scheetz*, 318 Kan. 48, 69, 541 P.3d 79 (2024). We thus note Goldwyn's error but do not find it alone establishes that Goldwyn's appeal should be dismissed.

As the party disputing the district court's ruling, Goldwyn carries the burden to designate a record sufficient to present her arguments and establish her claims in this court. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013). Goldwyn fails to carry this burden as she has failed to add necessary materials from the district court proceedings—including Fannie Mae's motion for a writ of assistance, a transcript of the hearing on this motion, or the district court's order granting the request—to the record on appeal. The only relevant information shown in this portion of the record is the date that the district court entered its decision:  November 17, 2021. We therefore do not have the information necessary to review Goldwyn's first claim. So even if we had jurisdiction to review this argument, we would dismiss it because we cannot decide it using the record before us.

As a final note here, Goldwyn also seemingly poses her argument challenging the district court's jurisdiction to issue the writ of assistance to relitigate issues related to the district court's foreclosure and confirmation of sale judgments. In this regard, Goldwyn claims that the writ of assistance constitutes a new "forcible detention of real property" action under K.S.A. 60-506. But the record shows that the district court made its final decision regarding Goldwyn's possessory rights to the property in its journal entry of foreclosure. Goldwyn appealed both the foreclosure and confirmation of sale judgments. And this court affirmed those decisions. See *Goldwyn*, 2017 WL 6625225. We therefore reject any further review of those underlying matters here. Cf. *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 380-81, 22 P.3d 124 (2001) (characterizing argument allegedly seeking an injunction as a fallacy and refusing to review the claim where the record indicated appellant intended to reargue issues already decided and to effectuate interlocutory-like appeal to strengthen likelihood of success in the district court).

*Lack of Jurisdiction and other Errors Precluding Review of Issue II*

In her second appellate claim, Goldwyn makes an unsupported argument that the district court incorrectly ruled that it lacked jurisdiction because K.S.A. 60-2102 grants the district court such jurisdiction. K.S.A. 60-2102 addresses appellate jurisdiction and does not answer the question presented in this appeal. Because this issue is inadequately briefed and unsupported by pertinent authority, we may dismiss it as waived or abandoned. *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (dismissing issue for inadequate briefing); *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018) (dismissing issue for failing to reference supporting authority).

Also, regardless of these errors, we lack appellate jurisdiction to consider this claim and must dismiss Goldwyn's appeal. Our appellate courts have jurisdiction to entertain an appeal in a civil case only if the appeal is taken in the manner prescribed by statutes. *Wiechman v. Huddleston*, 304 Kan. 80, 86-87, 370 P.3d 1194 (2016). K.S.A. 60-2102(a) controls the issue here.

The statute confers appellate jurisdiction from the following:

"(1) An order that discharges, vacates or modifies a provisional remedy.

"(2) An order that grants, continues, modifies, refuses or dissolves an injunction, or an order that grants or refuses relief in the form of mandamus, quo warranto or habeas corpus.

"(3) An order that appoints a receiver or refuses to wind up a receivership or to take steps to accomplish the purposes thereof, such as directing sales or other disposal of property, or an order involving the tax or revenue laws, the title to real estate, the constitution of this state or the constitution, laws or treaties of the United States.

"(4) A final decision in any action, except in an action where a direct appeal to the supreme court is required by law. In any appeal or cross appeal from a final decision, any act or ruling from the beginning of the proceedings shall be reviewable." K.S.A. 2023 Supp. 60-2102(a).

The statute confers appellate jurisdiction for certain orders deciding provisional remedies and injunctions. Goldwyn requested a temporary injunction, which is a provisional remedy. But the statute limits appellate review of those decisions to orders that discharge, vacate, or modify the provisional remedy. The statute is silent on this court's jurisdiction to review a denial or dismissal of a request for a provisional remedy. See K.S.A. 2023 Supp. 60-2102(a).

The statute also does not state that this court has jurisdiction to consider any order deciding a request for temporary restraining order. And our Supreme Court has held that rulings regarding temporary restraining orders are not final and thus not appealable. See *Allen*, 156 Kan. 550, Syl. ¶¶ 2-3 (differentiating temporary restraining order and temporary injunction); see also *U.S.D. No. 503 v. McKinney*, 236 Kan. 224, 228, 689 P.2d 860 (1984) (finding K.S.A. 60-2102 does not authorize an appeal when a restraining order is granted); *Hodes v. Comprehensive Health Associates, P.A.*, 9 Kan. App. 2d 36, Syl., 670 P.2d 76 (1983) ("There is no right to an immediate appeal from an order denying an application for stay of arbitration made under K.S.A. 5-402[b]."). But see *Wirtz v. Powell Knitting Mills Co.*, 360 F.2d 730, 732 (2d Cir. 1966) (noting the general rule that denial of a temporary restraining order is not appealable but finding an exception where the dismissal of an appeal of the decision denying, granting, or vacating a temporary restraining order might moot the underlying case for a permanent injunction).

Still, appellate jurisdiction exists where an appeal is taken from a final decision which disposes of the entire action. See K.S.A. 2023 Supp. 60-2102(a)(4) ("[T]he appellate jurisdiction of the court of appeals may be invoked by appeal as a matter of right from:  . . . [a] final decision in any action."); see also *Board of Johnson County Comm'rs v. Jorgensen*, No. 122,244, 2021 WL 2283036, at *6 (Kan. App. 2021) (unpublished opinion) (deciding jurisdiction under K.S.A. 2020 Supp. 60-2102[a][4] after finding the statute's first three provisions factually inapplicable). So we must review the district court's order for finality.

9

A final decision is "'one which finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for the future or further action of the court.'" *Plains Petroleum Co. v. First Nat. Bank of Lamar*, 274 Kan. 74, 82, 49 P.3d 432 (2002). This record at least suggests that the district court's denial of Goldwyn's motion may be treated as a final judgment. The order disposed of all of Goldwyn's claims, and it seems that the underlying foreclosure suit has no issues still pending in the district court. Also, according to her appellate brief, Goldwyn filed her request for temporary injunctive relief to stop Fannie Mae from disposing of her personal property after she saw them throwing at least some of that property into a dumpster. Assuming Goldwyn intended to retrieve her property once the temporary injunction issued, it follows that the conflict alleged in Goldwyn's motion could be resolved by a grant or denial of a temporary injunction.

Nevertheless, Goldwyn's motion does not affect the finality of the underlying action, that is, the foreclosure suit. So the district court's order denying the motion is not a final decision in the underlying action as contemplated under K.S.A. 2023 Supp. 60-2102(a)(4). See *Materi v. Spurrier*, 192 Kan. 291, 292, 387 P.2d 221 (1963) (concluding that to be reviewable and thus appealable, a motion to strike defendants' pleading must be sustained, striking out all allegations which affect substantial right and in effect determine all or part of action, or, in case of answer or cross-petition, deprive defendants of meritorious defense or cause of action which if supported by evidence would defeat plaintiff's cause of action or part thereof or deny recovery to defendants); *Bobo v. Mutual of Omaha Mutual Benefit Health & Accident Assn.*, 193 Kan. 465, 468, 395 P.2d 317 (1964) (explaining that rulings on motion to strike are not appealable unless they are final, affect a substantial right, or in effect determine the action).

Also, the district court's decision on Goldwyn's motion would not resolve whatever broader claim that Goldwyn likely raised in her motion. Although the motion is not a part of the record on appeal and we do not know what that broader issue might be,

the nature of Goldwyn's motion for temporary injunctive relief suggests that such a claim exists. See *McKinney*, 236 Kan. at 227 (noting the purpose of a restraining order as provisional remedy is to restrain a defendant for a very brief period by preserving the status quo, pending a hearing on application for a temporary injunction); *Allen*, 156 Kan. at 552 ("'A restraining order is effective only until an application for an injunction shall be heard; a temporary injunction is a restraining order effective until the trial of the action in which it is issued.'"). Fannie Mae admits in its appellate brief that it voluntarily agreed to allow Goldwyn a certain amount of time to retrieve her belongings from the property. Thus, Goldwyn's broader claim might allege conversion or violation of a contractual obligation.

Fannie Mae also correctly argues that if Goldwyn has an actionable claim related to the allegedly erroneous disposal of her personal property, it is likely such a claim must be raised in a separate litigation. See *State v. Matzke*, 236 Kan. 833, 835, 696 P.2d 396 (1985) (discussing requirements of subject matter jurisdiction). Though without providing a citation to the record, Fannie Mae claims that Goldwyn filed a separate replevin action in the district court and appealed that decision to this court. Although we do not have jurisdiction to consider that action, it is still pertinent to note that our appellate courts have a clear policy against piecemeal appeals. *State v. Hall*, 298 Kan. 978, 986, 319 P.3d 506 (2014). Intermediate and piecemeal appeals tend to extend and prolong litigation, contrary to the goal of securing the just, speedy, and inexpensive determination of every action. *Connell v. State Highway Commission*, 192 Kan. 371, 374, 388 P.2d 637 (1964); see also *Cooke v. Gillespie*, 285 Kan. 748, 754, 176 P.3d 144 (2008) (finding that piecemeal appeals are discouraged in Kansas). Because the district court's order is not a final decision, we lack jurisdiction to consider this appeal.

11

*Remaining Errors Affecting Goldwyn's Second Issue*

We also note that Goldwyn fails to designate a record which would allow this court to review her second appellate claim. Although the record includes the district court's order dismissing Goldwyn's motion for a lack of jurisdiction, Goldwyn did not add her motion, Fannie Mae's motion to strike, or a transcript of the hearing on these motions to the record on appeal. Without those documents, we cannot determine whether the district court correctly dismissed Goldwyn's motion for a lack of jurisdiction.

The district court's order does not identify the parties' specific arguments or explain its reasoning. So it does not fill in gaps left by Goldwyn's failure to include her motion in the record on appeal. And the only other pertinent information in the record shows that Goldwyn titled her motion, "Motion/Petition For Emergency Stay Of Execution And/Or Injunction Temporary Restraining Order." This title suggests that Goldwyn sought at least one of three forms of relief (a stay of execution, a temporary restraining order, and/or an injunction). But this information does not provide a sufficient factual basis to determine the district court's jurisdiction or this court's jurisdiction.

Of course, a district court has the authority to grant the types of injunctive relief that Goldwyn requested. For example, K.S.A. 60-902 states:

> "When it appears by a verified pleading or affidavit that a party is entitled to the relief demanded, and such relief or any part thereof consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce injury to a party; or when during the litigation it appears that a party is doing or threatens or is about to do, or is procuring or suffering to be done, some act in violation of a party's rights respecting the subject of the action, or tending to render the judgment ineffectual, an order may be granted to restrain such act."

Goldwyn claims that she was entitled to an injunction because Fannie Mae was required to store her personal property but instead threw at least some of her personal property in the trash. Again, Goldwyn does not reference the record to support this allegation. And we do not have access to her pleadings in the district court. So we cannot confidently assume that these facts are true.

It is also unclear whether these facts, even if true, substantiate a basis for granting injunctive relief. A movant must prove several elements to obtain injunctive relief. See *Wichita Wire, Inc. v. Lenox*, 11 Kan. App. 2d 459, 462, 726 P.2d 287 (1986) (listing the four elements for proving an injunction is warranted, including showing of a substantial likelihood of success on merits of movant's claim, showing of irreparable harm, proof that threatened injury outweighs damage that injunction will cause the opposing party, and showing that injunction is not adverse to public interest). Also, because temporary restraining orders are issued ex parte, requests for this specific type of relief must be "reluctantly granted." *McKinney*, 236 Kan. at 227; see K.S.A. 2023 Supp. 60-903.

Finally, if Fannie Mae has finished clearing the property by disposing of all of Goldwyn's remaining personal property, this issue may be moot. See *State v. Roat*, 311 Kan. 581, 584, 466 P.3d 439 (2020) ("A case is moot when a court determines that '"it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights."'"); see also *Dick v. Drainage District No. 2*, 175 Kan. 869, 872-73, 267 P.2d 494 (1954) (considering appeal of orders stemming from a petition seeking purely injunctive relief against construction of drainage ditch on plaintiffs' property and ultimately dismissing the issues as moot where it was conceded that the drainage ditch in question had been constructed).

CONCLUSION

We do not have jurisdiction to decide Goldwyn's appeal. Goldwyn also fails to adequately brief an issue addressing the district court's jurisdiction to decide her motion for injunctive relief. She also fails to designate a sufficient record to decide either of her appellate claims. We thus dismiss this appeal.

Appeal dismissed.